CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
Appellant and Alexander Bagby, as husbands, filed their petition against their wives and beneficiaries for the purpose of having a house and lot on Market Street, Louisville, sold, and the proceeds re-invested under a like trust, etc.
This lot had been conveyed by the father of their wives to a trustee, in trust, among other things, to hold for his said two daughters during their lives, and then to- their children, should they have any, in equal moieties. The father being dead, and each daughter having several children, some if not all of whom are minors, the mothers and. their children were made parties.
The process was served by a special bailiff, who was appointed by one of the marshal’s deputies, and who returned the proper affidavit of execution on the process. The other proceedings all appear to be regular; at least no irregularity is pointed out.
The court adjudged a sale and re-investment, of the proceeds, under the same trusts and conditions as are set out in said deed of trust, and which deed is part of the record. At the first sale a third party, not interested in the property nor a party to the suit, purchased; but upon appellant’s advancing the bid the biddings, ¿ere opened, and the first sale rejected, when at the second sale appellant purchased at the price of twenty-two thousand dollars, but he refused to comply with the terms of the sale; and *497 on rule to show cause why he did so, responded that the-proceedings .were irregular and he would not get the legal title, and ought not to be compelled to pay for it. This response being deemed insufficient, the court issued a peremptory order for him to comply; hence he prosecutes this appeal.
The main error is assigned on the appointment of the special bailiff by the deputy instead of the marshal.
By section 818, Civil Code, the word “sheriff” is held to mean marshal in reference to any action or proceedings in the Louisville Chancery Court, and such process as would have gone to the sheriff but for the creation of said court and said office of marshal.
By subsection 2, section 78, Civil Code, process may be executed by any person appointed by the officer to whom the same is directed, by an indorsement on the summons, whose affidavit, indorsed thereon, shall be proof of the time and manner of service.
By section 749, Civil Code, any duty enjoined by this code upon a ministerial officer, and any act permitted to be done by him, may be performed by his lawful deputy. Although it would have been more exactly conformable to law had the deputy signed his principal’s name also with his own, yet his power of appointment does not depend upon the exact conformity in the signing his principal’s name by himself as deputy.
The marshal had the power of appointment, and consequently so had each of his lawful deputies; and the appointment of the special bailiff appearing by indorsement on the process, and the affidavit of service likewise appearing, wt can not doubt the legality of either the appointment or service of process. 'Neither does the fact that the plaintiff' became the purchaser, especially as this was done under the supervision of the chancellor, and *498 when it is manifest it was donfe to advance the interest of the beneficiaries, present any obstacle to the passage of the legal title to the appellant with all the benefits of actual and absolute ownership, freed of all the trusts .set out in the deed.
Wherefore the order of the chancellor, being approved, is hereby affirmed.