### Blythe, et al. v. Warner.

(Decided September 21, 1920.)

### Appeal from Madison Circuit Court.

Pleading—Exhibits.—Where an exhibit, which is the basis of the action, is filed with the petition, the exhibit will control; and where there is a variance between the exhibit and the pleading the exhibit will prevail.

STEPHEN D. PARRISH for appellants.

G. MURRY SMITH for appellee.

Opinion of the Court by Judge Sampson—Affirming.

In January, 1903, Larkin Blythe and Dock Francis acquired a small lot in the city of Richmond from Nancy Walker. In the deed the lot is described as follows:

"A certain town lot situated in the city of Richmond known as part of the north half of lot No. 17 in the Ellis addition of said city, lying on the south side and fronting on First street, thirty-nine feet, running back at right angles seventy-six to seventy-nine feet, joining the property of C. H. Rankin, L. Blythe and John Warner."

In September, 1903, Dock Francis conveyed his one-half undivided interest in the aforementioned lot to his co-owner, Larkin Blythe, and described the property as follows:

"One-half undivided interest in a town lot situated in the city of Richmond, Kentucky, known as part of the north half of lot No. 17, in the Ellis addition to said city, lying on the south side and fronting First street 39 feet, running back at right angles 76 feet to 79 feet, adjoining the property of C. H. Rankin and others."

Following this, on February 10, 1915, Larkin Blythe and wife conveyed the lot to his co-appellants, Dovie Blythe and Fannie Estill, describing the property as follows:

"One town lot No. 17 in the Ellis addition to said city lying on the south side and fronting First street 39 feet running back at right angles 76 feet to 79 feet. Adjoining the property of C. H. Rankin and others, and being the same tract of land conveyed to the party of the first part and Dock Francis by Nancy Hood."

Relying upon their deed Dovie Blythe, Fannie Estill and husband, and Larkin Blythe instituted this action in the Madison circuit court against John Warner to recover possession of a small plot of ground 13 feet by 29 feet adjoining the above described plot, alleging in their petition as amended that the plaintiffs are jointly the legal owners in fee simple of 29 feet linear measure under said inclosure, and 13 feet wide, and that the plaintiff Larkin Blythe is the owner of the remaining four feet linear measure of said strip of land and 13 feet wide, and that the plaintiffs were jointly in possession of said land as hereinbefore pleaded and are now entitled to possession of the same and that defendant holds possession thereof under said inclosure without right. The action is in the nature of one to quiet title. In order to understand this controversy it is necessary to glance at the following map.

The lot covered by the deeds quoted above is embraced within the parallelogram A. B, C. D. This plot of ground was conveyed to Larkin Blythe by the deeds aforesaid and by Larkin Blythe and wife to his two daughters herein. The appellee and defendant below is conceded to own the parallelogram D, E, F, G. The land in controversy is embraced in the dotted parallelogram E, C, H, F. From the allegations of the petition it appears that appellee Warner has the disputed part under fence and in his possession and so held at the time of the commencement of this action, but how long before does not appear. Unless the plaintiffs and appellants

A,B,C,D Lot to which Plaintiffs have Title.

D,E,F,G Lot owned by Defendant.

E,C,H,F Lot in Controversy.

were in the actual possession of the lands in controversy at the time of the commencement of this action, they could not maintain a suit to quiet title.

The case was set for hearing before the judge in chambers and the witnesses by agreement were summoned to appear and give oral evidence. Counsel for plaintiffs and appellants stated the case to the court; thereupon the defendant by counsel moved for judgment on the ground that the deed filed as exhibit to the petition

as amended contradicted the pleading, rendered it bad and there was no issue upon which evidence could be offered. After hearing, the court sustained this motion and dismissed plaintiff's action with the following reservation:

"It is ordered that this dismissal shall not be a bar to a future cause of action of the plaintiff, Larkin Blythe." Exceptions were reserved by appellants and appeal granted.

Appellants now contend "that there was error in forcing plaintiffs to submit the case without giving the court the benefit of their testimony either by deposition or orally, and the court having consented to hear it in the latter way should have given the plaintiffs the opportunity of introducing the same on the matters at issue.

If this be an action in ejectment the plaintiffs must rely upon the strength of their own title and not upon the weakness of the title of their adversary, and having alleged title in themselves the plaintiffs were required to establish the same when confronted by a traverse by the defendant. The pleadings of the plaintiffs manifest no title whatever in them except the deeds filed as exhibits to their petition as amended. These exhibits so contradict the pleading as to destroy its effect and establish beyond question the right of the plaintiffs to the parallelogram A, B, C, D, but wholly and entirely excludes their right of claim to the ground in controversy represented by the little parallelogram E, C, H, F.

Under the caption of the "primary issues" in brief of appellant, the question is asked, "Is the parcel of land in question included in the deed exhibited with the petition?" The brief then answers the question by saying: "Appellants' pleadings show that it was and by proof it would have been established that the deed of conveyance so intended and did include that strip." We cannot so read the pleadings as to find a sufficient averment that the land in question is claimed by plaintiffs under any title other than the deeds filed as exhibits and these exhibits contradict the parts of the pleading which attempt to assert title to the parallelogram, E, C, H, F.

The rule is so well established that where an exhibit, which is the basis of the action is filed with the petition

the exhibit controls and is considered against the pleader, and where there is a variance between the exhibit and the pleading the exhibit will prevail, that we feel like it is absolutely unnecessary to attempt to enlarge upon what this court has already said upon that subject. Covington Gas Light Co. v. Covington, 101 S. W. 923; Kalfus v. Davies, Executor, 164 Ky. 394; Ky. Mut. Co. v. Logan, 90 Ky. 364; Boyd v. Scottish Ins. Co., 110 Ky. 722; Gardner v. Continental Ins. Co., 75 S. W. 283.

This is not an action to reform or correct a deed for mistake or fraud. If it were, then the grantors in the deed would be necsesary parties. No relief of this kind is sought and it was impossible for the trial court to have considered the evidence which appellants now insist they were ready to offer in support of the allegations of their petition as amended, until the deeds were reformed so as to include the land in controversy, if indeed they were ever intended so to do.

Appellants proceeded upon the idea that they should have been allowed to introduce evidence in support of their claim but if plaintiffs statement of the case which was accepted as true did not entitle him to the relief sought, then there was no necessity of evidence, because evidence could not have aided or strengthened the pleading which for the purpose of the demurrer was taken as true. The exhibits being in contradiction of the allegations of the pleadings prevail, and there was no sufficient averment of ownership of the lands in controversy in the petition and as there was no such averment proof would have been utterly unavailing.

It appears herein that appellants were not entitled to the relief prayed even upon the allegation of their petition as contradicted by their exhibits, and as proof without averment can amount to nothing, it would have been a useless waste of time for the trial court to have heard the evidence, especially in view of the fact that there was no attempt to correct the deed for fraud or mistake. The trial court properly sustained the motion to dismiss the action and the judgment is affirmed.

Judgment affirmed.