## Miniard v. Lewis, etc.

(Decided December 12, 1924.)

### Appeal from Leslie Circuit Court.

1. Time—Where Element of Fact is Deemed to have Begun with First Moment of Day of Event.—Where time is an element of fact, its beginning is deemed to have been coincident with first moment of day of event.

2. Time—Notice of Special Term Held to have Been Posted for Required Time.—Notice of special term to begin on December 20th held to have been posted for necessary 10-day period, though not posted until after dark on December 10th.

3. Boundaries—Finding as to Proper Location of Call in Deed Sustained.—Finding as to proper location of call in deed held sustained by evidence.

J. M. BICKNELL and CLEON K. CALVERT for appellant.

LEWIS & LEWIS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The judgment appealed from in this case was rendered at a special term of the Leslie circuit court, which began on December 20, 1921. Notice for the calling of this special term was posted on December 10, 1921, as required by statute. The notice was posted after dark, and appellant insists that as the notice was so posted, the day of the posting cannot be counted as one of the necessary ten days, and that, therefore, the special term was illegally held and the judgment in this case was illegally rendered. There is no merit in this contention. Where time is an element of fact, its beginning is deemed to have been coincident with the first moment of the day of the event. The law takes no account of fractions of a day. Erwin v. Benton, 120 Ky. 536, 87 S. W. 291; Stuart v. Petrie, 138 Ky. 514, 128 S. W. 592; Greene v. E. H. Taylor, Jr. & Sons, 184 Ky. 739, 212 S. W. 925; Meridian Life Insurance Co. v. Milam, 172 Ky. 75, 188 S. W. 879. Hence the day of the posting of the notice, though done after dark, must be counted and so the special term was legally held.

In this action, both the parties are claiming a strip of land lying along Steer branch which empties into Rockhouse creek near Hyden. Both claim from a common source of title. It is admitted that the decision of this case turns on the proper location of the sixth call in a deed from one John Lewis, Sr., to his son, Abijah Lewis, made in 1871. This call reads as follows: "Thence with the top of said ridge to a point of same below the mouth of the Steer branch and a conditional line between Samuel Maggard crossing said Rockhouse and with that line to the top of the ridge above the Big branch." At the place in controversy, Rockhouse creek flows in a northeasterly direction, and Steer branch in a northwesterly direction, emptying into Rockhouse creek at approximately right angles. To the east of Rockhouse creek, there is a ridge running more or less parallel to the creek, until the ridge passes to the south of Steer branch. It then curves around in a southwesterly direction towards the creek. This is the ridge referred to in the sixth call of Abijah Lewis' deed. Just north of Steer branch is a little drain emptying into Rockhouse creek, about one hundred yards or so from the mouth of Steer branch. This

little drain, sometimes called in the evidence "Spring hollow," extends from Rockhouse creek towards the ridge some two hundred yards, ending at a big rock and bench on the hillside. Between Steer branch and this drain, there is a sort of small elevation, which in times of wet weather divides the falling water between the drain and Steer branch. To the north of this branch and at the highest spot on the ridge, there is a point or spur running from the ridge towards Rockhouse creek. This point or spur, however, gradually diminishes in height until it almost vanishes into a level hillside before reaching Rockhouse creek. It is shown, however, that Steer branch drains the land south of this point or spur but above the place where the little drain or Spring hollow ends on the hillside. There is still another point or spur which runs from the ridge to Rockhouse creek on the south side of Steer branch.

From this statement, it will thus be seen that there are three possible points or spurs to which the sixth call in Abijah Lewis' deed may refer. The appellees claim that the point or spur referred to is the point to the north of the little drain or Spring hollow. Appellant, when he first made his claim in this suit, insisted that the point or spur called for was the one to the south of Steer branch. This suit was begun in April, 1908, and after the passage of years and the taking of a considerable amount of proof, appellant, as his later testimony and the brief of his counsel in this court indicates, abandoned this idea and he now claims that the little ridge dividing Steer branch and the drain or Spring hollow is the point or spur meant by the sixth call. This change of position on the part of appellant considerably reduces the amount of land in controversy. A great volume of evidence was taken on both sides to substantiate the respective claims of the parties, all of which this court has carefully read and considered. It would be of no advantage to the profession to set out in detail this evidence. The lower court held after not only reading the record but also going upon the land itself and viewing conditions, that the point or spur to the north of the little drain or Spring hollow was the point or spur meant by this sixth call and accordingly gave judgment for the appellee. In this, we believe the chancellor was sustained by the preponderance of the evidence. As appellant only insists that the

evidence did not sustain the chancellor's finding and as we have thus decided that it did, the judgment of the lower court is affirmed.

Judgment affirmed.