## Paul L. and Louise Monroe's Guardian Ad Litem v. John G. Monroe.

(Decided June 25, 1926.)

### Appeal from Nelson Circuit Court.

1. Officers—Without Statutory Authority, Deputy May Not Perform Judicial or Quasi Judicial Duties, but May Perform all Other Acts for Principal.—In absence of statutory authority, deputy may not perform judicial or quasi judicial duties for his principal, but may perform all other acts which latter may do.

2. Infants—Deputy Circuit Clerk May Appoint Guardian Ad Litem During Court's Vacation, Appointment Not Being Judicial or Quasi Judicial Function (Civil Code of Practice, Sections 38, 678).— Under Civil Code of Practice, section 678, deputy circuit clerk may appoint guardian ad litem pursuant to section 38 while court is in vacation, such appointment by clerk, whose discretion is limited to selection of attorney at his bar, not being exercise of judicial or quasi judicial function.

3. Infants—Deputy Clerk's Appointment of "Attorney" Instead of "Guardian Ad Litem," for Infant Defendants Held Mere Clerical

Misprision, Not Ground for Reversal of Judgment Against Them, where Corrected by Court (Civil Code of Practice, Section 519).— Deputy circuit clerk's appointment of "attorney" instead of "guardian ad litem" for infant defendants held not ground for reversal of judgment against them, where corrected by court under Civil Code of Practice, section 519, being mere clerical misprision.

4. Time—Law Takes Cognizance of Fact that Two Things May be Done in Succession on Same Day, Though Not of Fractions of Day.—Law does not take cognizance of fractions of day, but takes cognizance of fact that two things may be done in succession on same day.

5. Evidence.—In absence of showing to contrary, it will be presumed that public officers do their duty according to law.

6. Evidence—Clerk is Presumed to have Entered Order Appointing Guardian Ad Litem After Service of Summons on Infant Defendants, in Absence of Showing to Contrary.—In absence of showing to contrary, presumption is that clerk did not enter order appointing guardian ad litem for infant defendants until after summons was served on them as required to validate appointment, though record shows service and appointment on same day.

OSSO W. STANLEY for appellant.

KELLEY, KELLEY & BROWN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This action was brought by appellee against his two infant children, Paul L. Monroe and Louise Monroe, who are nineteen and sixteen years old respectively, to reform a deed. In 1922 the appellee traded some property he owned in Barren county, where he was then living, for the property which is the subject matter of this action and which is located in Nelson county. It is overwhelmingly established, indeed without dispute, that through a mistake of the draftsman who wrote the deed in Nelson county and sent it to Monroe in Barren county, Monroe and his wife, who is now dead, were made the grantees in this deed instead of Monroe alone. This mistake was not discovered until after Mrs. Monroe died. She left surviving her a number of children, of whom only two were infants, and they are the defendants in this action. The adult children on their mother's death promptly made a deed to their father of any right, title and interest they inherited from their mother in this property, the deeds reciting that they were made to correct the mistake in the original deed to their parents. Appellee then

brought this suit against the two infant children to have this original deed corrected so as to show that he was the sole grantee of the property. These two infant children, who were represented by their guardian *ad litem,* did not resist the case on its merits, but from the judgment entered reforming the deed their guardian *ad litem* prosecutes this appeal to determine whether or not certain procedural steps taken in this case were properly taken.

The first question raised is whether or not a deputy circuit clerk may appoint a guardian *ad litem.* The guardian *ad litem* in this case was appointed pursuant to section 38 of the Civil Code by the deputy clerk of Nelson circuit court at a time when that circuit court was in vacation. It is conceded that had the clerk himself appointed this guardian *ad litem* the appointment would have been valid, but it is insisted that a deputy clerk has no power to make such an appointment, and the case of Payton v. McQuown, 97 Ky. 757, 31 S. W. 874, is cited and relied upon. In that case it was held that a deputy clerk could not grant a restraining order or temporary injunction, although the circuit clerk would under the facts have had the power to do so. In that case it was pointed out that although section 678 of the Civil Code provides that "any duty enjoined by this code upon a ministerial officer and any act permitted to be done by him may be performed by his lawful deputy," yet as the granting of a restraining order or temporary injunction is a judicial or *quasi* judicial act, the authority to do so could not be delegated and hence could not be done by a deputy clerk. It is well settled that in the absence of statutory authority, a deputy may not perform for his principal any duties judicial or *quasi* judicial in their nature, but that he may perform all other acts which his principal is authorized to do. In Norman v. Norman, 6 Bush 495, construing section 749 of the then Civil Code, which is section 678 of our present Civil Code, this court decided that the deputy marshal of the Louisville chancery court had the power to appoint a special bailiff to execute process the same as the marshal himself could have done. In 11 C. J. 913, et seq., may be found a partial catalogue of the many acts which a deputy clerk of a court may do, pursuant to the general principle of law above noted, which catalogue is supported by the authorities in the footnotes thereto appended. Under our Civil Code the clerk is confined in the appointment

of a guardian *ad litem* to the practicing attorneys of his court, and the party seeking to have such appointment made is forbidden to suggest the name of the proposed guardian *ad litem*. We may add, parenthetically, that the same is true with reference to the appointments of warning order attorneys. It will thus be seen that the discretion of the clerk in the appointment of a guardian *ad litem* goes only to the extent of which one of the attorneys at his bar he may elect to pick out for this appointment. Such a selection is not the exercise of a judicial or *quasi* judicial function as is the granting or refusing of an injunction, where the clerk must from the record determine whether or not the plaintiff is entitled to the relief he seeks, which is a question of law and fact. So little discretion is confided to the clerk in the appointment of a guardian *ad litem* or warning order attorney that it cannot be said to be the exercise of a judicial or *quasi* judicial function within the meaning of the rule any more than the approval of a bond or the appointment of a special bailiff to execute process is the exercise of such a function. It results therefore that such an appointment, not being a judicial or *quasi* judicial act, section 678 of the Code, which authorizes any act that may be done by a clerk to be done by a deputy, authorizes a deputy clerk to appoint the guardian *ad litem* where the clerk himself may do so. There is no merit in appellant's first contention.

It is next contended that the order purporting to appoint the guardian *ad litem* in this case was insufficient and invalid for that purpose. This contention arises out of these facts. The proper affidavit for a guardian *ad litem* having been filed the following order was entered by the deputy circuit clerk:

"This day came plaintiff and filed his affidavit showing that Paul Lee and Louise Monroe are both infants under the age of 21 and over 14 years of age, that Paul Lee is 19 years of age and Louise is 16 years of age. They have no guardian, committee or curator in this state. O. W. Stanley, a regular practicing attorney of this bar, is appointed attorney for said infants this Dec. 26, 1925."

Mr. Stanley, who was appointed under this order, entered upon the duties as a guardian *ad litem* and discharged them faithfully. He filed his report as a

guardian *ad litem* and the order filing his report desig-, nated it as the report of a guardian *ad litem*. He was by order of court allowed a fee as a guardian *ad litem*, and the judgment of the court entered at the February, 1926, term appealed from herein recited that the answer of Mr. Stanley as guardian *ad litem* had been filed and considered by the court. At the May, 1926, term of the circuit court, after due notice and pursuant to section 519 of the Civil Code, an order was entered by the court correcting the clerical misprision in the original order appointing the guardian *ad litem*. This was done by eliminating the word "attorney" therefrom and substituting therefor the words "guardian *ad litem*." That the use of the word "attorney" for that of "guardian *ad litem*" was a clerical misprision is manifest on the face of the record. The correction having been made as authorized by the Code, appellant has no grounds for reversal on that score.

It is lastly urged that the record in this case discloses that the summons here was executed on the two infant defendants, the affidavit for a guardian *ad litem* was filed, and the order appointing the guardian *ad litem* was entered all on the same day. Because of this, appellant asks whether it may be presumed that his appointment was made after the service of the summonses, a condition essential to the validity of his appointment. See Crume v. Sherman, 185 Ky. 376, 215 S. W. 196. While it is true that the law does not take cognizance of fractions of a day, it does take cognizance of the fact that two things may be done in succession on the same day. In the case of Stuart v. Petrie, 138 Ky. 514, 128 S. W. 592, we held that it would be presumed that a county school superintendent whose term expired on a Monday was in office on that day and until her successor qualified. In the absence of any showing to the contrary, it will always be presumed that public officers do their duty according to law. American Agricultural Chemical Co. v. McKinney, 173 Ky. 820, 191 S. W. 647, 22 C. J. 130 (Ky. cases on p. 131). Hence the presumption is that the clerk of the court did not enter the order appointing a guardian *ad litem* until authorized to do so by the record. And he would not have been so authorized until the summonses had been duly served on the infants. As there is nothing in this record to overcome this presumption it will be presumed that at the time of the order appointing the guardian *ad litem* was

entered the infants had been duly served. This being true, the appointment is valid.

No error appearing, the judgment of the lower court is affirmed.