## Kentucky Home Life Ins. Co. v. Miller.

(Decided June 18, 1935.)

(As Modified on Denial of Rehearing Nov. 19,1935.)

Further Modification Jan. 28, 1936.

BENJAMIN S. WASHER and L. H. HILTON for appellant.

LUKINS & JONES and HENRY M. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On November 15, 1929, the Inter-Southern Life Insurance Company issued to Jesse W. Miller a life insurance policy for $7,000, naming as beneficiary therein Auda L. Miller, wife of the insured, and appellee herein.

The initial premium and also the premium due November 15, 1930, were paid, but the insured failed to pay the premium due November 15, 1931.

Under the nonforfeiture provision of the policy upon failure to pay the premium when due, it automatically continued as term insurance for the period stipulated in the table of guaranteed values. The reserve in the policy was sufficient to carry it as extended insurance for the period of 318 days or to about September 28, 1932.

On April 8, 1932, the insurance department of Kentucky by its insurance commissioner, instituted a suit

in the Franklin circuit court against the Inter-Southern Life Insurance Company seeking the appointment of a receiver for it under the provisions of section 753, Kentucky Statutes. Subsequently, the Inter-Southern was adjudicated insolvent, and A. B. Chandler and the Fidelity & Columbia Trust Company were appointed and qualified as coreceivers of the Inter-Southern.

On August 8, 1932, pursuant to a proceeding had in and with the approval of the Franklin circuit court, a contract was entered into between the receivers, the state insurance commissioner, and the Kentucky Home Life Insurance Company, whereby the Kentucky Home Life took over and assumed the outstanding policies and contracts of the Inter-Southern, subject, however, to certain limitations and provisions contained in the contract. The reinsuring contract provided, among other things, that because the assets of the Inter-Southern are not sufficient at either their actual and or agreed-on admitted value to provide for the discharge of the obligations assumed as a part of the consideration there shall be established and placed against each policy reinsured and assumed by the Kentucky Home Life a lien equal to 60 per cent. of the net equity as therein defined.

After deducting the 60 per cent. of the equity or reserve in the policy there was left a sum sufficient only to carry out the policy as extended insurance a period of 20.8 days. The insured died about 8 o'clock a. m. on August 29, 1932. The appellee, the beneficiary of the policy demanded payment of the policy, and the appellant, Kentucky Home Life, refused payment on the ground that the policy as extended under the reserve had lapsed and was not in force at the time of the insured's death.

It is conceded by the parties that the reserve in the policy extended it for a period of 20.8 days from August 8th, but they differ as to the computation of the time; i. e., whether the 8th day of August shall be included or excluded. The contract was signed and approved by the court and became effective at about 4 o'clock p. m. on August 8th, and it is the contention of appellant that in view of the rule that the law does not recognize fractions of a day and, inasmuch as its contract became effective on that day, August 8th, it is entitled to include the entire day in the computation

of time. If the entire day of August 8th is included in computing the time, the 20.8 days expired some time on the day of August 28, 1932, one day previous to the death of the insured, and consequently the policy would not have been in force on the date of his death, August 29th.

It is the contention of appellee, however, that inasmuch as her contract was in force at the beginning of the day of August 8th, she is entitled to the entire day and the 8th day of August should be excluded and compute the 20.8 days as beginning on August 9th. By this method of computation the policy expired on August 29, a few hours after the death of the insured.

The issues were made and at the conclusion of the evidence the court peremptorily instructed the jury to find a verdict for the plaintiff, and from the judgment entered on that verdict this appeal is brought.

In addition to the question of computation of time, it is also insisted for appellant that the insolvency of the Inter-Southern ipso facto terminated all its policies and contracts, and to support this contention it cites Casteel v. Kentucky Home Life Ins. Co., 258 Ky. 304, 79 S. W. (2d) 941, 943, and certain other cases cited therein. In the Casteel Case, supra, we said:

"But if the assets of an insolvent company are sold to another which undertakes to assume the contracts and obligations of the insolvent company (as was done in the present case), the rights of the policyholders in the insolvent company must be determined by the contract between the buying company, the receiver or other authorized representative of the insolvent company, and the policyholders."

Conceding, without deciding, that the insolvency of the Inter-Southern terminated its contracts as between it and its policyholders, yet the Kentucky Home Life assumed the obligations and contracts of the Inter-Southern; and, as said in the Casteel Case, "the rights of the policyholders in the insolvent company must be determined by the contract. * * *"

It is also insisted that the reinsuring contract was a new, separate, and distinct one made for the benefit of the Inter-Southern policyholders. But we are unable to concur in the view that it was a new and inde-

pendent contract. It was a continuation of the same contract assumed by the Kentucky Home Life subject to the limitations and conditions therein provided, for the benefit of the Inter-Southern policyholders who accepted the same; and, as pointed out in the Casteel Case, supra, those of the Inter-Southern policyholders who expressly or impliedly accepted the contract are bound by the terms thereof; but those who did not accept it are not entitled to the face value of their policies, but only entitled to the reserve. The record does not disclose whether or not Jesse W. Miller the insured, accepted the reinsuring contract, but by the institution of this action and claiming the benefits of the policy, the appellee, the beneficiary of the policy, has treated the contract as having been accepted by her deceased husband. Therefore, for the purpose of this case we treat the contract as having been accepted.

We now come to the determinative question here involved, viz., In computing the time the insurance was extended under the reinsuring contract of August 8th, should the 8th day of August be included or excluded?

It is admitted between the parties to this controversy that the judgment of the Franklin circuit court was entered about 4 o'clock in the afternoon of August 8, 1932, authorizing and directing the execution of the reinsuring contract, and the judgment was carried into effect by the execution of the reinsuring contract at that time.

As we have stated, appellant relies upon the rule that the law takes no account of fractions of a day and, therefore, the whole day of August 8th should be taken in account in computing the time. To support this insistence it cites and relies on the cases of Miniard v. Lewis et al., 206 Ky. 125, 266 S. W. 1055; Erwin et al. v. Benton et al., 120 Ky. 536, 87 S. W. 291, 9 Ann Cas. 264; Stuart et al. v. Petrie·et al., 138 Ky. 514, 128 S. W. 592.

The cases, supra, are in accord with the general rule that the law takes no account of fractions of a day, but the precise questions involved in those cases are not analogous to the one involved in the case at bar.

The reserve under the policy to which the appellee's decedent was entitled is not denied, and the only

way to deprive her thereto would be to make the contract which was consummated at 4 o'clock p. m., retroactive, so as to take effect at the first moment of the day of August 8th. There are numerous exceptions to the rule based upon the legal fiction that the law will not take account of fractions of a day. In the case of Monroe's Guardian v. Monroe, 215 Ky. 440, 285 S. W. 250, 252, this court said:

> "While it is true that, the law does not take cognizance of fractions of a day, it does take cognizance of the fact that two things may be done in succession on the same day."

In the case of Benson v. Adams, 69 Ind. 353, 35 Am. Rep. 220, it was held that fractions of a day in statutes or legal proceedings or in contracts are not generally considered, but when the rights of parties depend upon the precedent of time in the same day or upon a given hour or fraction of a day, it may be allowed or proved as any other fact. In the case of First National Bank v. Burkhardt, 100 U. S. 686, 689, 25 L. Ed. 766, the rule is thus stated:

> "For most purposes the law regards the entire day as an indivisible unit. But when the priority of one legal right over another, depending upon the order of events occurring on the same day is involved, this rule is necessarily departed from."

The principles that the law will take cognizance of a fraction of a day where it becomes necessary in order to prevent a forfeiture or to preserve a vested right have been adhered to in this and numerous other jurisdictions. Knowlton v. Culver, 2 Pin. (Wis.) 243, 52 Am. Dec. 156.

In 62 C. J. page 981, sec. 28, the general rule is thus stated:

> "Although the law does not, as a general rule, take cognizance of fractions of a day, it does take cognizance of the fact that two things may be done in succession on the same day, and the rule that a day is an indivisible period of time is regarded as a mere legal fiction, which is strictly applicable only to public acts or commercial transactions, in which the exact time is not material, and is true only in a limited sense, in respect of cases where it

will promote right and justice, and, therefore, is subject to numerous exceptions, and does not apply where it becomes necessary to ascertain the relation of acts or events. Consequently, the courts will disregard the fiction, and take cognizance of the actual hour or time of the happening of an event or the doing of an act, where there is sufficient reason therefor, as where the exact hour or point of time of the day is important and material in fixing relative rights, and inquiry in regard to it is essential in order that justice may be done, as where it is necessary to protect a completed act or save a vested right, or to determine the conflicting rights or interests of rival claimants when they depend upon priority in fact on the same day, which priority is capable of being determined by an accurate computation of time, as where the exact time is a matter of record. * * *''

See, also, 26 R. C. L. page 736, sec. 10, and page 737, sec. 11.

The appellant's liability under the policy did not antedate the moment it entered into its contract with the Inter-Southern Life Insurance Company about 4 o'clock in the afternoon of August 8th. Until this hour of that day, the decedent's estate was only entitled, as against the Inter-Southern, to the reserve under its policy. And until that hour of the day the appellant's liability therefore did not commence. Therefore, in determining her rights as beneficiary under the policy, considering that the reserve was sufficient to continue it for a period beyond about 8 a. m. on August 29, 1932, after the hour of his death, therefore the court correctly directed a verdict for the plaintiff.

Wherefore the judgment is affirmed.

The whole court sitting.