# Kentucky Home Mut. Life Ins. Co. v. Hardin.

### As Modified on Rehearing March 24, 1939.

Eugene Hubbard, Judge.

L. H. HILTON and WOODWARD, DAWSON & HOBSON for appellant.

THOMAS C. MAPOTHER and ALEX BERMAN for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

On or about December 1, 1929, the Inter-Southern Life Insurance Company, hereinafter called the Inter-Southern, issued to Johnnie H. Hardin, appellee, two insurance policies, one for $2,000, the other for $500. Each policy contained a clause providing in substance that in the event of total and presumably permanent disability of the insured, the Inter-Southern would pay him $5 per month for each $500 of insurance for 120 months and double that sum thereafter during the continuance of such disability, and also pay the premiums on said policies during the continuance of such disability.

Soon after the policies were issued appellee was involved in an automobile accident resulting in serious injuries, and on June 10, 1930, he filed proofs of his disability with the Inter-Southern and it recognized the claims and attached to each of the policies acknowledgments thereof agreeing to pay premiums and also $25 per month for 120 months and double such sum thereafter. The Inter-Southern paid the disability claims in accordance with the contract and also paid the premiums on the policies which became due December 1, 1930, and December 1, 1931. On March 10, 1932, the Inter-Southern became insolvent and was placed in the hands of the Fidelity and Columbia Trust Company and A. B. Chandler, as co-receivers, and they qualified as such and took charge of the assets and affairs of the defunct company.

Thereafter, pursuant to certain proceedings had in the Franklin circuit court, on August 8, 1932, the appellant, Kentucky Home Life Insurance Company, was permitted to and did take over certain assets of the Inter-Southern and assumed certain liabilities of it, subject to the terms, conditions, requirements, limitations and restrictions of a Reinsurance agreement entered into by and between the said Receivers of the Inter-Southern and the Kentucky Home Life, which Reinsurance contract was approved by the Judge of the Franklin circuit court and the Insurance Commissioner of Kentucky. This Reinsurance contract has been involved and con-

strued by this Court in a number of cases, and, having been held valid, the validity of it is not now in question in this action, except the construction of Clause 6, which we will hereinafter notice.

Soon after the effective date of the Reinsurance contract appellee demanded of the Kentucky Home Life the monthly disability payments according to the original policies or contract with the Inter-Southern, which payments the Kentucky Home Life refused to acknowledge or pay. On June 6, 1933, appellee instituted his action in the Jefferson circuit court against the Kentucky Home Life to recover of it the payments accruing and due since March 10, 1932, at the time the Inter-Southern ceased payments, or for a period of 15 months, at the rate of $20 per month on the $2,000 policy, and $5 per month on the $500 policy, aggregating $375.

The Kentucky Home Life filed its answer denying the allegations of the petition including the one that appellee received injuries resulting in total and presumably permanent disability such as to entitle him to the benefit of payments provided in the policy. It further pleaded affirmatively, among other things, that appellee had recovered from his disability on or about March 10, 1932, and was not entitled to further disability payments, and further pleaded Clause 6 of the Reinsurance contract which reads as follows:

"The Company further agrees to assume fifty per cent (50%) and no more, of the liability under disability waiver of premium claims, and monthly income disability claims approved prior to and/or in force as of the date upon which this reinsurance agreement becomes effective. The Company may, however, at its option, and with the approval of the Commissioner, pay in amount greater than fifty per cent (50%) on any contract assumed under this clause, but in that event the Company shall have the right to recover such additional payment out of the unassigned funds and/or contingency reserve and/or assets herein conveyed to it, provided such recovery does not impair the ability of the Company to carry out all other policy obligations herein assumed."

The issues were finally made; the action submitted to the jury and it returned a verdict in favor of appellee and the court entered judgment thereon for the sum of

$150 on account of the $2,000 policy, and $37.50 on the $500 policy, which sums were only fifty per cent. (50%) of the original liability of the Inter-Southern, assumed by the Kentucky Home Life, in accordance with Clause 6 of the Reinsurance contract quoted above, which judgment the Kentucky Home Life paid and discharged.

However, the Kentucky Home Life refused or failed to make further disability payments to appellee, and on October 3, 1934, appellee filed another action in the Jefferson circuit court seeking to recover of the Kentucky Home Life $25 per month from June 10, 1933, aggregating the sum of $375 which was the maximum amount for which the Inter-Southern would have been liable under the original policy. In February 1935, the Kentucky Home Life filed its answer traversing the material allegations of the plaintiff's petition; pleading recovery by the plaintiff from his alleged disability; pleading the lapse of each policy involved on account of non-payment of premium due December 1, 1933; pleading receivership proceedings of the Inter-Southern; the Reinsurance agreement of August 8, 1932, and a fifty per cent. (50%) limitation of liability, if any, under Clause 6 of the Reinsurance agreement. Appellee in his reply traversed the affirmative matter contained in the answer and pleaded affirmatively in a separate paragraph that:

"That by reason thereof this plaintiff is not bound by the Reinsurance agreement as set out by the defendant."

And further that:

"Plaintiff for further reply states that he did not agree or consent to the reinsurance agreement, or any of its terms, limitations or conditions, and that he did nothing to be construed as an acceptance of the same."

The Kentucky Home Life filed its rejoinder but avoided any denial of plaintiff's allegation quoted above. The issues were finally made and the case came on for trial in October, 1935, a jury selected and sworn, and after counsel for plaintiff made his opening statement to the jury the Kentucky Home Life moved the court that judgment be entered in favor of the defendant and against the plaintiff, upon the pleadings in this case. The court thereupon withdrew the case from the jury and remanded it to rules and submitted the case

on defendant's motion. On January 20, 1936, plaintiff tendered an amended and substituted reply, which the court at that time refused him leave to file. On February 21, 1936, the court sustained the defendant's motion for judgment on the pleadings and entered judgment dismissing plaintiff's petition. On March 7, 1936, appellee, plaintiff below, filed motion that the court set aside its order and judgment of February 21, 1936, dismissing plaintiff's petition. Defendant objected to the motion and on May 29, 1936, the court sustained the motion to set aside the judgment entered February 21, 1935, and pursuant to further motion made by plaintiff the court transferred the action to the Common Pleas Branch, Fourth Division of the Jefferson Circuit Court and consolidated it with the first action referred to above in which plaintiff recovered judgment in the sum of $187.50. Other motions and steps were taken, not necessary to discuss herein, and the issues were finally made and a trial had before a jury, and at the close of the evidence counsel for plaintiff offered the following instruction:

"(1) You will find for the plaintiff, Johnie H. Hardin, and against the defendant, Kentucky Home Mutual Life Insurance Company, unless you believe from the evidence that on or about or since May 10, 1933, the plaintiff, Hardin, sufficiently recovered from his then existing total disability as to be able to engage in some occupation for remuneration or profit, in which latter event you will find for the defendant, and state in your verdict the day on which the plaintiff Hardin so recovered."

This instruction is based upon the theory that plaintiff's disability had been established in the previous action and the only question submitted to the jury is whether or not plaintiff had recovered from such disability since May 10, 1933.

Kentucky Home Life objected to the offered instruction and offered in its behalf the following instructions:

"1. If from the evidence in this case you believe that Johnie H. Hardin, on or about December 2, 1929, became totally and permanently disabled as the result of bodily injuries sustained in an automobile accident while he was riding in an automobile, so as to be wholly unable to do substantially

or practically all the material acts in the transaction of his business as a farmer in the usual and customary manner, you should find for the plaintiff at the rate of $12.50 per month, beginning June 10, 1933, up to and including September 10, 1935, or a total of twenty-eight monthly installments of $12.50 each, aggregating $350.00, together with interest on each monthly installment at the rate of 6% per annum, from the respective due date of each installment until paid, less the sum of $71.53, representing 50% of the portion of the premiums which the plaintiff was required to pay under Clause 6 of the Reinsurance Agreement, involved herein, which premiums became due on December 1, 1933, and December 1, 1934. Unless you so believe from the evidence, your verdict should be in favor of the defendant. * * *

"2. If from the evidence in this case, you believe that the plaintiff, Johnie H. Hardin, failed to pay to the defendant 50% of the premiums which became due on December 1, 1933, under each of the policies of insurance involved herein, your verdict should be in favor of the defendant."

The court refused the instructions offered by the defendant and gave the jury the one offered by appellee, plaintiff, and the jury returned a verdict in favor of plaintiff upon which the court entered judgment for $12.50 per month with interest at 6% per annum from June 10, 1933, until paid, and $12.50 on the 10th day of each month thereafter with interest at the same rate through March 10, 1937, the principal amount of said judgment aggregating $575. The judgment further provides:

"It is further ordered and adjudged by the Court that Plaintiff, Johnie H. Hardin, is entitle to continuing benefits under said policies sued on herein in the sum of $12.50 per month, beginning on April 10, 1937, and continuing to and including May 10, 1940, which the defendant, Kentucky Home Mutual Life Insurance Company, is ordered to pay to plaintiff, Johnie H. Hardin, beginning on April 10, 1937, and on the 10th of each month thereafter up to and including May 10, 1940, with interest at the rate of 6% per annum, from and after each of said due dates until paid, with costs, and for which

plaintiff may have execution at any time after said due dates for any of said payments that may. be due and unpaid.

"It is further ordered and adjudged by the Court that on, from and after June 10, 1940, plaintiff, Johnie H. Hardin, is entitled to continuing monthly benefits under said policies in the sum of Twenty-five ($25.00) Dollars per month, payable on June 10, 1940, and on the 10th of each month thereafter, with interest at the rate of 6% per annum from said due dates, for which he may have execution against the defendant for any and all of said sums that may be then due and unpaid, with costs.

"It is further ordered and adjudged by the Court that plaintiff be relieved from paying further premiums on either of said policies so long as his present condition continues, and that these actions be retained on the Docket of this Court for such further orders as may be required to properly protect any rights of either or both parties, plaintiff and defendant."

The Kentucky Home Life excepted to the judgment and prayed an appeal which was granted.

A reversal of the judgment is asked upon two grounds: (1) That the court erred in setting aside the judgment entered February 21, 1936, dismissing plaintiff's petition; (2) the court erred in instruction No. 1 given to the jury and in refusing to give the jury the instructions offered by the defendant, Kentucky Home Life. We will discuss these points in the order named.

(1) The judgment in the first action could properly have been of a continuing nature providing for recovery of the monthly disability payments each succeeding month thereafter and the case retained on the docket for the purpose of adjusting the rights of the parties as changed conditions might warrant as did the judgment in the last action. But the failure of the judgment to go that far did not foreclose appellee's right to recover future benefits in another action provided his disability continued. The disability of the insured was established in the first action up to June 1933, and in the answer and pleadings of the Kentucky Home Life in the last action it practically admitted its liability on the Reinsurance contract to the extent of

50% of the liability of the Inter-Southern as provided in Clause 6 of the Reinsurance Contract, and the substantial issue made by the pleadings being whether or not appellee had recovered from his disability since June 1933, the instruction given the jury properly submitted that issue.

However, the appellant, Kentucky Home Life, insists that appellee having pleaded in his reply that he had not accepted the terms of the Reinsurance contract and was not bound thereby, under the authority of Lula Casteel v. Kentucky Home Life Insurance Company, 258 Ky. 304, 79 S. W. (2d) 941, and Kentucky Home Life Insurance Company v. Auda L. Miller, 262 Ky. 330, 90 S. W. (2d) 59, the court properly entered judgment for defendant on the face of the pleadings and that that judgment was conclusive and should not have been set aside, and in support of this contention it cites and relies on various authorities which may tend to support the contention that when the motion was made the Court properly sustained the motion for judgment for defendant on the face of the pleadings; but those authorities do not go so far as to hold that the court could not exercise a reasonable discretion in permitting a litigant to withdraw or amend his pleading after such motion is made.

In Marler et al. v. A. L. Greenburg Iron Company, 216 Ky. 682, 288 S. W. 676, relied on by Kentucky Home Life, the allegations of the answer and counter-claim were not traversed or controverted of record and it was held that the opposing party was entitled to a judgment on the face of the pleadings. But the question of amended pleadings· and the exercise of the discretion of the court in setting aside the judgment and permitting amendments, etc. were not involved in that case. Kentucky Home Life also cites and relies on the cases of Wright v. Wheat, 224 Ky. 386, 6 S. W. (2d) 458, and Blythe et al. v. Warner, 190 Ky. 104, 226 S. W. 669. But an analysis of those cases discloses that the precise question here involved relating to the discretion of the court in permitting amended pleadings to be filed was not involved. Also, in the case of Christen, et al. v. Christen, 184 Ky. 822, 213 S. W. 189, wherein the trial court refused to allow the plaintiff to file an amended reply after the case was under submission, this court in affirming the judgment, referring to section 134 of the Civil Code of Practice, pointed out that

the trial court had a broad discretion in the matter of permitting amendments to pleadings, but that such discretion should not be exercised to the extent of permitting the filing of amendments which are not tendered until after the evidence is closed, instructions given, the case argued and the jury have retired for the purpose of arriving at a verdict and, that although the action under consideration being an equitable one and the issues having been completed, the evidence taken and the case submitted to the chancellor for final decision before the amendment was offered, the same rule as in jury cases prevailed. But in the case at bar the evidence had not been taken nor had the case been submitted at the time Kentucky Home Life entered its motion for a verdict on the face of the pleadings and, in these circumstances it would not have been an abuse of discretion had the court overruled the motion. And the Jefferson circuit court being one of continuous session and having jurisdiction over its judgments and orders for 60 days after the entrance of same, and appellee's motion to set aside the order of February 21, 1936, having been made within the 60 days period, if the court concluded it had erred in dismissing the petition on the face of the pleadings and refusing the first offered amended reply, we do not think that it was an abuse of discretion to permit appellee to file his last offered amended reply and set aside the former order and permit the case to be tried on its merits.

The law favors the right of litigants to have their rights disposed of on the merits rather than technicalities and, in keeping with this principle the courts have a broad discretion in permitting amendments or other reasonable changes in pleadings to the end that justice may prevail.

(2) We now come to a consideration of instruction No. 1 given by the court and the rejection of the instruction offered by the Kentucky Home Life, the latter involving the construction of Clause 6 of the Reinsurance Contract.

It is to be noted that the difference between the instruction given by the court and the one offered by Kentucky Home Life is that the latter submitted to the jury the question of appellee's disability from the time he received his injury to the date of the trial of the last action and further authorized the jury in the event it

found that appellee was disabled, to find the specific sums with interest that appellee was entitled to recover under the contract, from June 10, 1933—appellee having been paid up to that time by judgment in the former action—and further authorized the jury to deduct from the sums so found $71.53, or one-half of the premiums due but not paid on December 1, 1933 and 1934 respectively, thereby making appellee responsible for one-half of the premiums.

It was the province of the jury to find from the facts whether or not appellee was and had been since the date of the judgment in the former action, still disabled and the jury having found that his disabilities had continued since that date, the character of judgment to be entered upon that verdict was a question of law involving the construction of the contract, which was a province of the court. This brings us to the question of whether or not the court should have deducted from the monthly disability payments found for appellee, one-half the sums of the unpaid premiums, which would have had the effect of requiring appellee to pay one-half the premiums under the Reinsurance contract of the Kentucky Home Life.

It is insisted for the Kentucky Home Life that under Clause 6 of the Reinsurance contract it assumed fifty per cent. (50%) and no more, of the disability payments as set out in the original policy with the Inter-Southern and also assumed only fifty per cent. (50%) of the "waiver" of premiums; or in other words, that the Kentucky Home Life was bound to pay fifty per cent. (50%) of the premium and that the insured, appellee, under the Reinsurance contract was obligated and bound to pay to appellant the other fifty per cent. (50%) of the premium. It cannot be doubted that the Kentucky Home Life is bound by its Reinsurance contract for only fifty per cent. (50%) of the monthly disability claims as found by the court in its judgment. But the exact question involved is the effect to be given Clause 6 of the Reinsurance contract which provides that the Kentucky Home Life assumes "fifty per cent. (50%) and no more, of the liability under disability waiver of premium claims." It seems clear that, had the disability rider provided simply for the payment of disability benefits and had said nothing about the payment of premiums, appellee would then be obliged to pay the premium himself if he desired to continue

in force the benefits covered by the policy. Unless someone paid this premium, no reserve could be built up except at the expense of other policy holders. Taking the two thousand dollar policy as an example, it provides for an annual premium of $57.22 for the ordinary life benefit. An additional premium of $7.68 is charged for the disability benefits, and an additional premium of $3 is charged for the double indemnity benefit. It can hardly be questioned but that the premium charged for the disability benefits was expected to be sufficient to supply a fund out of which disability income payments were to be made and premiums paid. Thus the reserve to take care of the life insurance would not be depleted when a policy-holder became disabled because the ordinary life premium is taken care of out of reserve built up in the disability account.

When the Kentucky Home Life took over the assets of the insolvent Inter-Southern, it agreed to assume only fifty per cent. (50%) of the liability under disability waiver of premium claims. The insured, of course, has a claim against the Inter-Southern for its failure to make the payments it agreed to in the original policy. So far as the appellant, Kentucky Home Life, is concerned, however, its obligation is specifically limited by its contract to the payment of only fifty per cent. (50%) of the premium. The calculation of the reserve, in accordance with the American Experience Table of Mortality, would have to be reduced by half which would practically eliminate any actuarial calculation based on the insured's expectancy and make the contract a mere gamble or the deficit would have to be made up at the expense of other policy holders contributing to the pool. We conclude, therefore, that the insured must pay half of the premium to continue in force the benefits of his policy.

It is now conceded that the policy before us has not lapsed, because, during the entire period here involved, the Kentucky Home Life has owed the insured a greater sum in disability payments than the amount due from him on the premium account. It is admitted that it was the duty of the appellant to apply enough of the money thus in its hands to pay the other one-half of the premium. Appellant is, of course, entitled to credit against the amount due appellee by whatever figure these premium payments equal, if the insured desires to continue the policy in force. It follows, how-

ever, from the conclusion thus reached that the judgment below must be, and it is, reversed.

Judgment reversed.