**HARBER et al. v. KENTUCKY RIDGE COAL CO. et al.**

London No. 381.

United States District Court
E. D. Kentucky.

Aug. 5, 1949.

Robert R. Boone, Pineville, Ky., for plaintiffs.

W. R. Lay, Pineville, Ky., James Sampson, Harlan, Ky., for defendants.

FORD, Chief Judge.

The first question for decision is presented by the defendants' motion to dismiss the intervening petition of Grace Monroe Harber, administratrix of the estate of Betty L. Hoskins by which, as such administratrix, she asserts a claim for damages for trespass upon the lands of the decedent and the removal of coal therefrom. The administratrix invokes the jurisdiction of this Court on the ground of diversity of citizenship alleging that she is a citizen of Chicago, Cook County, Illinois, the defendants being citizens of Kentucky, and the requisite jurisdictional amount being involved.

It appears from the record that Betty L. Hoskins, a citizen and resident of Bell County, Kentucky, died intestate on September 10, 1939 and, by order of the Bell County Court, Mrs. Harber, the intervening petitioner, who was then a resident of Bell County, Kentucky, was duly appointed administratrix of the estate of her mother, Mrs. Hoskins. She filed her intervening petition herein on October 13, 1948. It appears from the record, without dispute, that on the same day an order was entered

by the Bell County Court removing Mrs. Harber as administratrix of the estate of Betty L. Hoskins for the reason that she had previously become a citizen and resident of the State of Illinois.

The motion to dismiss the intervening petition is based upon the ground that, having been removed as administratrix, Mrs. Harber was without capacity to maintain the action.

While admitting that she is and at the time of the entry of the order of removal was residing out of the State of Kentucky and invoking Federal jurisdiction by reason of being a nonresident of the State, she challenges the validity of the order of removal on the ground that the action of the Bell County Court was a judicial proceeding of which she had no notice and no opportunity to be heard, and that by reason thereof the order was and is null and void for lack of the Constitutional requirement of due process.

By section 25.110 of Kentucky Revised Statutes, the County Court of each county is vested with jurisdiction to appoint and remove personal representatives; and section 395.160 provides: "If a personal representative resides out of the state * * * the county court shall remove him * * *." No provision is made by the statute for notice to a personal representative, who resides out of the State, before the order of removal is made.

[1] It seems to be one of the elementary doctrines of constitutional law that one who is not prejudiced by the enforcement of an Act of the Legislature cannot question its constitutionality. 11 Am.Jur. sec. 111, pages 748–750.

"One who would strike down a state statute as obnoxious to the Federal Constitution must show that the alleged unconstitutional feature injures him." Premier-Pabst Sales Corp. v. Grosscup et al., 298 U.S. 226, 227, 56 S.Ct. 754, 755, 80 L.Ed. 1155. The admission of the petitioner that at the time of the entry of the order removing her as administratrix she was a resident of the State of Illinois left nothing for judicial determination in respect to that question. The entry of the order by the Court under such circumstances became merely the performance of a ministerial duty under the express mandate of the statute.

Under the circumstances stated and the facts admitted, notice to the nonresident administratrix in this instance would have been observance of form only, since it is neither shown nor claimed that the absence of such notice prejudiced or injuriously affected her. "In the circumstances stated, unqualified, the requirement of notice is merely formal, if it exists. * * * Certainly there is nothing in the Constitution of the United States that requires it." Jones v. Prairie Oil & Gas Company, 273 U.S. 195, 198, 47 S.Ct. 338, 339, 71 L.Ed. 602.

■ I have no doubt that, under some circumstances, removal of a personal representative without notice or opportunity for hearing, would constitute denial of due process in violation of the Fourteenth Amendment; but, where under the particular circumstances disclosed, no substantial right of the personal representative was affected, due process does not require notice and opportunity to be heard in such a proceeding; and the irregularity, if any, was not such as to invalidate the action of the Court. Chaloner v. Sherman, 242 U.S. 455, 461, 37 S.Ct. 136, 61 L.Ed. 427.

Moreover, the administratrix was chargeable with knowledge of the law which made her residence in the State essential to her qualification as administratrix and which subjected her to summary removal from the office if she became a resident of another State.

My conclusion is that the order removing Mrs. Harber as administratrix of the estate of Betty L. Hoskins was not void and hence not subject to collateral attack.

■ Under the general rule that the law takes no account of fractions of a day, the order of removal became effective "coincident with the first moment of the day of the event." Miniard v. Lewis, 206 Ky. 125, 266 S.W. 1055. It is not shown or claimed by the petitioner that her intervening petition was filed herein before the entry of the order of removal and nothing

appears in the record to warrant applying any of the numerous exceptions to this general rule. Monroe's Guardian v. Monroe, 215 Ky. 440, 444, 285 S.W. 250; Kentucky Home Life Ins. Co. v. Miller, 262 Ky. 330, 334-335-336, 90 S.W.2d 59.

My conclusion is that at the time of filing her intervening petition herein, Grace Monroe Hoskins was not the administratrix of the estate of Betty L. Hoskins and hence was without capacity to sue upon the claim which she asserts as such administratrix.

For the reasons stated, the motion to dismiss the intervening petition should be sustained.

■ Obviously the dismissal of the intervening petition of the administratrix of the estate of Betty L. Hoskins renders moot the question raised by the defendants' motion for summary judgment as to whether the claim of the administratrix is barred by the statute of limitation.

■ The individual claim of the plaintiffs Grace Harber and Hazel Carlson is for the requisite jurisdictional amount without appearance of bad faith. The mere fact that subsequent events may show them entitled to recover less than the requisite jurisdictional amount does not divest the Court of jurisdiction.

The motion for summary judgment should be denied.