**FEE v. BORNHORN, Chief of Police of City of Covington.**

Court of Appeals of Kentucky.

June 20, 1952.

Rehearing Denied Oct. 10, 1952.

Morris Weintraub, Newport, for appellant.

Howell W. Vincent, E. H. Henry, William B. O'Neal, Covington, for appellee.

CULLEN, Commissioner.

Chester Fee, a claimant to the office of chief of police of the City of Covington, appeals from a judgment of the Kenton Circuit Court which declared John Bornhorn to be the lawful holder of the office.

Fee's claim to the office is based on his appointment to the office by one Stanley Chrisman, who at the time was purporting to be serving as acting city manager. The sole issue in the case is whether Chrisman had authority to make the appointment, it being agreed that if Chrisman did not have such authority, Bornhorn has valid title to the office by virtue of his subsequent appointment by a regular city manager.

The circuit court adjudged that Chrisman did not have authority to appoint Fee, on several grounds, one of which was that the regular city manager was in office at the time Chrisman purported to act as acting city manager. If the circuit court was correct on this ground, a consideration of the other grounds is unnecessary.

On January 3, 1952, the board of commissioners passed a resolution removing Edward B. Abbett from office as city manager of Covington. On the morning of January 4, Stanley Chrisman, the city solicitor of Covington, undertook to serve as acting city manager, by virtue of a 1930 ordinance which provided that "during the absence or disability of the City Manager, the City Solicitor shall perform the duties of said office" see KRS 89.560, or by virtue of a 1950 ordinance which provided that "Stanley Chrisman, City Solicitor be and he is hereby appointed Acting City Manager without additional compensation". See KRS 89.565.

There was a vacancy in the office of chief of police, on January 4, because the former chief had resigned on December 1, 1951. At 8:30 on the morning of January 4, Chrisman appointed Fee as chief of police. Later in the morning, around 9:30 or 10:00, the mayor signed the resolution, passed the previous day, removing the city manager. (There was a conflict in the testimony as to the hours at which these acts took place, but the circuit court found the hours to be as above stated.)

A new board of commissioners, elected in November 1951, took office on January 7, 1952. They immediately appointed a new city manager, and he in turn appointed

Bornhorn as police chief. Thus we have the background of the controversy between Fee and Bornhorn.

The controlling question seems to be whether the resolution removing Abbett as city manager was ineffective until the moment it was signed by the mayor. If so, Abbett was still the lawful city manager at 8:30 a. m. on January 4, when Chrisman attempted to appoint Fee.

KRS 89.540, relating to ordinances of cities operating under the city manager form of government provides:

" * * * Each resolution, measure or ordinance shall be signed by the mayor or by two commissioners and recorded before it shall take effect. The mayor shall have no veto power."

It will be observed that the statute clearly provides that a resolution, measure or ordinance shall not take effect *before* it is signed, which would seem to mean that it cannot take effect until the moment it is signed. However, appellant relies upon the doctrine that the law does not recognize fractions of a day, and he contends, therefore, that the resolution became effective at the begining of the day on which it was signed.

■ It is pointed out, in 52 Am.Jur., "Time," § 15, p. 340, that the rule that the law knows no fractions of a day is a mere legal fiction, and, like all other legal fictions, is allowed to operate only in cases where it will promote right and justice. It is further pointed out, in 50 Am.Jur., "Statutes," § 510, p. 523, that the modern tendency is to hold that, whenever it is necessary to prevent a wrong or to assert a meritorious right, or in general to determine conflicting rights, courts of justice will inquire as to the exact time of the day of the passage of a statute, and effect will be given to it only from that time.

In Kentucky Home Life Ins. Co. v. Miller, 262 Ky. 330, 90 S.W.2d 59, this Court recognized that there are numerous exceptions to the rule based upon the legal fiction that the law will not take account of fractions of a day, and quoted with approval the following statement from First National Bank of Cincinnati v. Burkhardt, 100 U.S. 686, 689, 25 L.Ed. 766:

"For the most purposes the law regards the entire day as an indivisible unit. But when the priority of one legal right over another, depending upon the order of events occurring on the same day, is involved, this rule is necessarily departed from."

■ Under the particular circumstances of the case before us, we are of the opinion that right and justice will be promoted by ignoring the legal fiction as to indivisibility of a day. We affirm the holding of the circuit court that the resolution removing Abbett did not become effective until after Chrisman purported to appoint Fee.

Appellant offered evidence to show that immediately after the resolution was passed on January 3, Abbett said, "I'm through," and, "Help me gather up my things and I'll be going on out." Appellant argues, from this evidence, that although Abbett may not have been legally removed on January 3, he then abandoned the office and therefore was "absent" on January 4, so as to authorize the acting city manager to serve in his place.

■ It is clear from the record that Chrisman was purporting to act solely on the basis that Abbett had been *removed,* and there was no thought at the time that Abbett had abandoned the office and therefore was *absent.* We cannot give any significance to Abbett's statements, other than evidence of a recognition that his service as city manager was about to come to an end. No one, at the time, was thinking in terms of abandonment of the office.

■ Appellant makes some contention that Chrisman was a de facto officer at the time he appointed Fee. But there cannot be a de facto officer when a de jure officer already fills the office. Commonwealth v. Bush, 131 Ky. 384, 115 S.W. 249.

■ The judgment of the circuit court, in addition to holding that Bornhorn was entitled to the office for the reason above stated, made a declaration that the ordinances of 1930 and 1950, providing for the

city solicitor to serve as acting city manager, were unconstitutional. There was no necessity for such a declaration, because the issues in the case did .not require it. We think that this declaration was improperly included in the judgment.

The judgment is affirmed, except to the extent that it declares unconstitutional the ordinances of 1930 and 1950. To that extent, the judgment is reversed, with directions to eliminate from the judgment any declaration as to the validity of those ordinances.