Richard NEWMAN, Appellant,

v.

Diamond NEWMAN et al., Appellees.

Court of Appeals of Kentucky.

Feb. 27, 1970.

Joe Hobson, Prestonburg, for appellant.

Cordell H. Martin, Hindman, Rudy Yessin, Frankfort, Paul Combs, Prestonburg, for appellees.

OSBORNE, Judge.

Appellant, Richard Newman, instituted this action alleging that he is owner of a certain boundary of land by reason of having held it for the past fifteen years adversely to the appellees, who are in the main, his brothers and sisters. Title to this same property has previously been before this court in a proceeding in which appellant, Richard Newman, claimed title under a deed from his mother and father. His claim in that action was made against his brothers and sisters, the same parties who appear as appellees in this action.

The trial court entered summary judgment for the appellees on the grounds that the previous proceeding, styled Newman v. Kentucky-West Virginia Gas Company, Ky., 372 S.W.2d 410, (1963), is res adjudicata to the issues raised in these proceedings. In the present proceedings appellant alleges that he took possession of the property in question on April 19, 1944, and continued in possession openly, notoriously and adversely until April 19, 1959.

Appellees contend and the trial court held that this claim of adverse possession could have been presented in the previous litigation as final judgment was not entered therein until November 11, 1960.

In order to answer the competing contentions, it is necessary that we first examine the original proceedings decided by this court in 1963. These proceedings started out as an action by Richard Newman as executor of the last will and testament of his mother, Merica Newman, against the Kentucky-West Virginia Gas Company. In the original complaint appellant alleged that his mother owned certain real estate prior to her death. He alleged a deed from his mother to him executed during her lifetime conveying an undivided one-half interest in the land in controversy. He alleged that he was now the executor of his mother's will and that the Kentucky-West Virginia Gas Company was producing gas from the property jointly owned by him and his mother's heirs and was indebted to him and his mother's estate for gas. Kentucky-West Virginia Gas Company by its answer claimed credit for certain payments previously made and admitted that it had accumulated funds which it was willing to pay to the rightful owner pursuant to a judgment of the court. On December 30, 1953, an agreed judgment was entered in the foregoing proceedings terminating the controversy between Richard Newman as executor of his mother's estate and the Kentucky-West Virginia Gas Company. On June 10, 1954, appellant filed an amended complaint alleging that his brothers and sisters were necessary parties to the above action as they were heirs at law of Merica Newman and that future proceedings of the case would involve settlement of the estate of Merica Newman.

On December 5, 1956, in an answer and counterclaim, the brothers and sisters asked for an accounting from the appellant for funds which had come into his hands as executor. They denied that he was validly acting as executor. By way of cross complaint they alleged that the deed dated January 1, 1942, from Merica Newman and her husband, John Newman, to Richard Newman recorded in deed book 64, page 219, in the Knott County Clerk's office was void and champertous and that the said Richard Newman had no interest other than as an heir of Merica Newman in the property and in the royalties from Kentucky-West Virginia Gas Company.

Without further detailing the litigation between the parties, we believe it is sufficient to point out that the trial court found the deed to be champertous and void, a finding which this court upheld. The trial court likewise disposed of the issues between the parties respecting their shares of the estate and the royalties due from the Kentucky-West Virginia Gas Company.

The general rule for determining the question of res adjudicata as between parties in actions embraces several conditions. First, there must be identity of parties. Second, there must be identity of the two causes of action. Third, the action must be decided upon its merits. In short, the rule of res adjudicata does not act as a bar if there are different issues or the questions of law presented are different. Likewise, it has long been recognized that a party may not split his cause of action, therefore, if a cause of action should have been presented and the party failed to do so and the matter should again arise in another action, it will be held that the first action was res adjudicata as to all causes that should have properly been presented. We stated the rule in Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868 as follows:

"The rule that issues which have been once litigated cannot be the subject matter of later action is not only salutary but necessary in the administration of justice. The subsidiary rule that one may not split up his cause of action and have it tried piecemeal rests upon the same foundation. To permit it would not be just to the adverse party or fair to the courts. So, as said in Combs v. Prestonsburg Water Co., 260 Ky. 169, 84 S.W. 2d 15, 18: 'The rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and "the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." ' " (Emphasis added).

This brings us to the specific question should appellant Richard Newman have presented his claim of title by adverse possession in the previous proceeding between the parties? We are not persuaded that he was bound to do so. The question presented in that case and ultimately decided certainly is not dispositive of the issue presented in this action. The claim of title by adverse possession had not ripened when that action was commenced or when the amended complaint was filed.

In Hays v. Sturgill, supra, we held that an action to nullify a deed was not res adjudicata to the issues raised in a suit to construe it, as the issues in the first suit were not germane or essentially connected with the issues in the second suit. We believe the same test controls here. The issues presented in this action relative to appellant's claim of adverse possession were not germane in the previous action to determine the validity of a deed from his mother. As they were not essentially connected with the actual issues in that case, it is not res adjudicata in this proceeding. The rule as stated in the Hays case is as follows:

"But can it be said that an action to have the deed declared null and void upon the ground stated raises an issue which with propriety could have been brought forward in the suit to construe it? The res adjudicata rule does not mean that the prior judgment is conclusive of matters which were 'not germane to, implied in or essentially connected with the actual issues in the case although they may affect the ultimate rights of the parties and might have been presented in the former action.' "

We do not believe that appellant was bound to assert the claim of title by adverse possession simply because it ripened before final judgment was entered. However, this

does not save appellant. Even though the trial court granted summary judgment for the wrong reason, if it would be proper on any other grounds, then it must stand. Gullett v. McCormick, Ky., 421 S.W.2d 352 (1967). We are of the opinion that under no condition can appellant win. It is uniformly held that a suit by a tenant in common against his cotenants wherein title is put in issue will stop the running of the statute of limitations. Therefore, on December 5, 1956, when appellees filed their cross claim alleging appellant's deed to be champertous they placed his title in issue and stopped the running of the statute.

For a statement of the Rule see 3 Am. Jur.2nd, Adverse Possession, § 179, p. 271:

> "*A suit by a tenant in common in possession against his cotenants to annul a previous partition and for a new partition arrests the running of the statute, which is based on the continued existence of a tenancy in common.* A judgment against a person in possession of land, declaring that the deed under which he holds is void and that he is a tenant in common with the other parties to the suit, interrupts and destroys an adverse possession he may have had against his cotenants and restores the seisin to all of them, and the subsequent silent possession of such person claiming under the same deed, accompanied by no act amounting to an ouster, will not constitute such adverse possession against the *other cotenants as will vest title by the* statute of limitations." (Emphasis added).

We have previously held the filing of a suit to contest title will toll the running of the statute of limitations. See Thompson v. Ratcliff, Ky., 245 S.W.2d 592.

■ As a final argument appellant asks that we set aside our opinion in the previous case wherein we held the deed to be champertous. His authority for requesting this action is found in Folger v. Commonwealth, Department of Highways, Ky., 350 S.W.2d 703 and Union Light, Heat & Power Co. v. Blackwell's Admr., Ky., 291 S.W.2d 539, 87 A.L.R.2d 264. Examination of these cases reveals that this court has on rare occasions simply announced that it was wrong in a previous opinion and proceeded to examine the merits upon a second appeal. This action is certainly an exception and not the rule. In the cases cited it was an exception arising out of what the court considered to be great urgency demanded by a strong sense that an injustice should be corrected. We perceive no urgency in this case and content ourselves with applying the ancient and honored rule that makes a final decision of an appellate court the law of the case whether right or wrong and conclusive of the questions therein resolved. Once decided they may not be reopened or reconsidered again by prosecuting appeals from further proceedings in that case or other related cases. Taylor v. Mills, Ky., 320 S.W.2d 111; Copley v. Kraft, Ky., 341 S.W. 2d 70. Especially should this rule be binding upon a court where title to real estate is involved. Title to property must be subject to final judicial determination for the good of everybody concerned.

■ Appellant next contends the trial court improperly denied his motion to file certain amended pleadings. This was a matter we consider to be in the discretion of the trial court. We see no reason to disturb it. Kentucky Home Mutual Life Insurance Company v. Hardin, 277 Ky. 565, 126 S.W.2d 427; Bradford v. Billington, Ky., 299 S.W.2d 601.

The judgment is affirmed.

All concur.