**Herman R. POWELL, Appellant,**

v.

**The WINCHESTER BANK, Trustee under the Will of W. M. Powell, et al.; Appellees.**

Court of Appeals of Kentucky.

April 8, 1977.

David B. Redwine, Winchester, for appellant.

Beverly P. White, White, McCann & Stewart, Winchester, for The Winchester Bank, Trustee, and Elbert Adams and Hazel Adams.

Henry R. Wilhoit, Jr., Wilhoit & Wilhoit, Grayson, for Kentucky Christian College.

William Hays, Robert H. Hays, Hays & Hays, Winchester and Lexington, for Anderson College, Board of Church Extension

and Home Missions of the Church of God, First Church of God, Bernard L. Hudson and Lorraine Hudson.

H. Gene Baldridge, Ashland, for Hope Hill Children's Home.

Robert L. Rose, Winchester, for William P. Vance and Elsie Mae Vance.

Blake Page, Winchester, for Dewey Smallwood and Geneva Smallwood.

Before WHITE, COOPER and HOWARD, JJ.

WHITE, Judge.

On May 3, 1946, the appellant, Herman Powell, was adjudged incompetent and of unsound mind by the Clark Circuit Court upon a petition signed by W. M. Powell as Petitioner. W. M. Powell was the father of appellant. On July 23, 1963, Kate Powell, appellant's mother, died intestate leaving a one-half undivided interest in a certain tract of real property that descended equally one-fourth to appellant and one-fourth to W. M. Powell, the surviving husband.

On August 5, 1963, Herman, while still under the disability, executed a deed to his father whereby he conveyed his one-fourth interest in and to the tract so inherited; and on January 2, 1964, W. M. Powell conveyed all the same property in issue to others and through mesne conveyances same is now owned by appellees, Adamses, Hudsons, Smallwoods, and Vances.

W. M. Powell died testate in June, 1967, and in his will named the appellee, Winchester Bank, as trustee. On September 28, 1967, the appellant upon his own petition, was legally restored to competency. On June 30, 1970, the Winchester Bank, trustee under the will of W. M. Powell, brought an action in the Clark Circuit Court seeking interpretation of the will of the decedent. Herman Powell, who was then competent, and all remaindermen under said will and testamentary trust were parties defendant to that action. The will shows that decedent placed substantially all of his estate in trust for the use and benefit of Herman during his lifetime with the principal to be distributed to the remaindermen. The proceeds from the sale of the property on January 2, 1964, were a part of the estate. All of the parties to the 1970 action were properly before the court, including Herman. No one opposed the action or the judgment declaring the interpretation of the will. The appellant took and received from the trustee all benefits enumerated by the will and as so interpreted by the court.

On November 14, 1973, the appellant filed his complaint in this action whereby he seeks to have the deed of conveyance of August 5, 1963, declared null and void, and that he be awarded one-fourth interest in the sales price realized by W. M. Powell in his deed of January 2, 1964, in an amount of $13,950. All of the appellees filed motions to dismiss, and in their respective answers set out the defenses of statute of limitations, laches, and collateral estoppel. These appellees, who are the present owners of the tract of real property in issue, also pleaded their respective purchase as bona fide purchases without notice of the disability of appellant, because the notice of the judgment of the Clark Circuit Court relating to appellant's disability had not been certified and filed with the clerk of the Clark County Court as required by Ky.Rev. Stat. § 203.026 (hereinafter cited as KRS).

On June 10, 1974, the lower court entered a judgment in favor of appellees dismissing the complaint of appellant and hence this appeal is prosecuted.

Appellant contends that his action is for cancellation of his deed of August 5, 1963, while under disability; and since he did not allege fraud or mistake, and because this was an action for the recovery of real property, that the statute of limitations KRS 413.010 allowing fifteen years, rather than KRS 413.120 allowing only five years should be applied. It strains the logic of reason to ask that a deed be cancelled on the basis of invalidity while denying that the statute of limitations which sets forth the grounds for such invalidity does not apply. Appellant has cited only one case on this point, being Spicer v. Holbrook, Ky., 66 S.W. 180 (1902). A careful reading of that holding is precisely in keeping with the lower court's judg-

ment here. The holding in *Spicer, supra,* is to the effect that a suit by one who was under disability at the time the deed was made was predicated as a fraud upon such person.

Perhaps no one else in this action knew of Herman's condition, but his father certainly did because he had signed as petitioner in May, 1946, when such incompetency was adjudged, and was still in force on August 5, 1963. The taking of a deed from a known incompetent most surely must be fraud.

■ Such an action to set aside a conveyance so obtained can be nothing less than an action to which *KRS* 413.120(12) is clearly applicable, and must be brought within five years from the date the disability is removed or it is barred. Appellant has failed to comply therewith.

■ As to the various appellees who now own the real property, the court is of the opinion that their motions to dismiss were well taken. *KRS* 203.026 requires the circuit clerk, upon rendering of a judgment of incompetency, to immediately file an attested copy of same in the office of the clerk of the county court of the county where the judgment was rendered. The copy shall be filed and indexed in the book in which notices and encumbrances are indexed. The statute specifically provides that if said judgment is not so filed, "the judgment shall not constitute notice to any subsequent bona fide purchaser for value . ."

Appellant pleads and relies upon the judgment declaring himself incompetent. He must not only plead the judgment but must plead its filing and indexing with the county clerk to charge a bona fide purchaser with notice. The complaint, as amended, fails to do this. It does not plead actual notice nor allege the purchasers were not bona fide. It is fatally defective in this regard and must be dismissed.

■ There is a more serious problem in this matter than either statute of limitations or bona fide purchaser for value without notice, for these conditions are dependent to some extent upon the opposite parties and what they may or may not do. The problem of laches and collateral estoppel involved in this action is much more serious, since these are a result of the appellant's own failure to act where there is a duty upon him to do so.

CR 12.02 requires every defense, in law or fact, to a claim for relief in any pleading, to be asserted in the responsive pleading. The subject matter in the 1970 action, insofar as the trustee and the remaindermen are concerned, that is, the corpus of the estate and whatever interest any party to the action might have in same, is identical to the subject matter of the instant action as to those parties, Herman Powell, the Winchester Bank, and the remaindermen. Herman did not then assert his claim in that action. Different results should not grow out of the same dispute between the same litigants by reason of a fragmentation of claims and law suits when the entire matter could have been resolved in one action, indeed, when same had to be resolved in one action under the mandate of CR 12.02. To prevent just such a splintering of claims as is here attempted, the courts have now recognized the doctrine of collateral estoppel whereby a litigant is estopped to later assert a claim that existed and could have been asserted in a prior action involving the same subject matter and parties.

The appellees affirmatively asserted as one of their defenses collateral estoppel and the lower court, in deciding this matter, has reiterated the same terminology. Cases of this type refer to it as *res judicata.* When the case holdings of this jurisdiction are carefully analyzed, it appears that, whichever it may be called, the rule of law applicable to this kind of situation is that aspect of *res judicata* that is referred to as collateral estoppel; and it is binding upon the appellant. As was said in the case of *Newman v. Newman,* Ky., 451 S.W.2d 417, 419 (1970), which quoted from *Combs v. Prestonsburg Water Co.,* 260 Ky. 169, 84 S.W.2d 15, 18:

The rule is elementary that, when a matter is in litigation, parties are required to

bring forward their whole case; and "the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, *but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.*" (Emphasis added).

For the reasons above stated, the judgment of the lower court is affirmed.

All concur.