**Mary C. ERVIN, Plaintiff–Appellant,**

v.

**MEDTRONIC INCORPORATED,**
**Defendant–Appellee.**

No. 00–6768.

United States Court of Appeals,
Sixth Circuit.

Oct. 25, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; DAUGHTREY, and MOORE, Circuit Judges.

*ORDER*

Mary C. Ervin, an Ohio resident, appeals pro se the summary judgment for defendant in a diversity product liability action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, Ervin had a pacemaker implanted that was manufactured by Medtronic, Inc. (Medtronic). In 1992, that pacemaker and one of its two lead wires were replaced. Ervin filed a product liability action against Medtronic alleging that the original pacemaker was defective. She later amended her complaint to allege that the second pacemaker was also defective and would require replacement at some time in the future. Shortly thereafter, the second lead wire was replaced. Medtronic moved for and was granted summary judgment on the basis that the action was preempted by Food and Drug Administration regulations, pursuant to 21 U.S.C. § 360k(a). Ervin filed a notice of appeal with this court, but subsequently voluntarily dismissed the appeal.

The Supreme Court issued a decision in 1996 which addressed a circuit split and concluded that product liability actions regarding these types of medical devices were not preempted by federal regulations. *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 116 S.Ct. 2240, 135 L.Ed.2d 700 (1996). In 1998, Ervin had her second pacemaker explanted and replaced, and in 1999, both of the lead wires implanted in 1992 and 1994 were replaced. She then filed this complaint, represented by the same counsel who had represented her in the earlier action, alleging that her second pacemaker and lead wires were defective. Medtronic moved for summary judgment on the ground of claim preclusion. The district court granted the motion, concluding that this action was precluded by the earlier lawsuit.

This court reviews the dismissal of an action on the ground of claim preclusion de novo. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). Under the doctrine of claim preclusion, a final judgment on the merits bars all claims by the parties based on the same cause of action, as to every matter actually litigated and every theory that could have been presented. *Id.* In order for claim preclusion to apply, the following elements are necessary: 1) a final decision on the merits; 2) a subsequent action between the same parties; 3) the assertion of a new claim which should have litigated in the prior action; and 4) identity of the causes of action. *Wilkins v. Jakeway*, 183 F.3d 528, 531 (6th Cir.1999). We conclude that the district court erred in finding that claim preclusion applied to this case, as there was no final decision on the merits in the original proceeding, and no new claim is being raised which could have been raised in that proceeding. The district court never reached the merits of Ervin's product liability claim in her earlier lawsuit because it concluded that the action was preempted by federal regula-

tions. We find this to be effectively the equivalent of a decision that the court lacked jurisdiction over the lawsuit. A court that does not have jurisdiction cannot reach the merits and therefore no final decision on the merits with preclusive effect results. *Id.* at 533 n. 6.

The district court relied on the case of *Harrington v. Vandalia–Butler Bd. of Educ.*, 649 F.2d 434, 437–38 (6th Cir.1981), for the proposition that a change in the law does not preclude application of res judicata. Therefore, even though its earlier decision on the issue of preemption had been subsequently decided otherwise by the Supreme Court, the prior judgment was alleged to retain its preclusive effect. We find *Harrington* distinguishable. In that case, the plaintiff had filed a Title VII action which was decided on the merits in her favor. Subsequent case law provided that she could have filed a 42 U.S.C. § 1983 action as well. A second complaint under § 1983 was found to be precluded, even though the law had changed in the interim regarding whether her second claim was valid. In the instant case, Ervin filed a product liability complaint which was not decided on the merits but on the ground of preemption. She later filed the same claim, after the law on the issue of preemption had changed. Because there was no decision on the merits and Ervin is not raising a new issue which she failed to raise before, claim preclusion should not have been applied.

Moreover, it also appears that issue preclusion would not apply in this case because the controlling legal principles have changed significantly. *See Disabled Am. Veterans v. Comm'r*, 942 F.2d 309, 313–14 (6th Cir.1991).

Because Ervin's first lawsuit did not result in a decision on the merits, but rather in a determination that she could not pres-

ent her claim to the court, her second lawsuit was not barred by claim preclusion. Accordingly, the district court's judgment is vacated and this matter is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.