**Elijah PETTY, Plaintiff–Appellant,**

v.

**Francis B. LYNCH and The Somerset Refinery, Inc., Defendant–Appellees.**

No. 02–6424.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Robert L. Bertram, Bertram & Wilson, Jamestown, KY, Larry F. Sword, Sword & Broyles, Somerset, KY, for Plaintiff–Appellant.

James V. Magee, Jr., James V. Magee, Jr., Attorney at Law, Cincinnati, OH, for Defendants–Appellees.

BEFORE: BATCHELDER and GIBBONS, Circuit Judges;  and BEER,

District Judge.*

BEER, District Judge.

This is an appeal from the District Court's granting of summary judgment dismissing Elijah Petty's claim based upon Kentucky's law of *res judicata*. We find that the District Court erred in granting summary judgment, and reverse and remand the matter for further proceedings consistent with this determination.

I. In 1994, Francis Lynch and others were interested in purchasing a refinery owned by the Somerset Refinery, Inc., (Somerset) in Kentucky. Lynch contacted Diktic Inc., (Diktic) and Elijah Petty, chairman of Diktic's board of directors, to perform an environmental analysis in order to assist Lynch's group in purchasing the refinery. Petty is a chemical engineer, and Diktic is an environmental and chemical process engineering consulting company. The parties entered into a contract on July 1, 1994.

On October 20, 1999, Diktic filed suit in Kentucky state court alleging that Lynch owed Diktic $396,835.38 for services it had provided pursuant to the contract. Diktic alleged that although Diktic was never paid, Lynch and Somerset used Diktic's environmental report and plan for their subsequent purchase of the refinery.

On December 11, 2001, the Kentucky state court (Pulaski Circuit Court) granted summary judgment to Lynch and Somerset, ruling that Diktic, a foreign corporation, lacked standing to sue because it had not obtained a certificate of authority from the Kentucky Secretary of State and that the contract was void and unenforceable because Diktic was not licensed to perform engineering services in Kentucky. The state trial court opinion was affirmed by the Court of Appeals of Kentucky on the alternative ground that Diktic lacked capacity to sue because it had previously dissolved as a corporation. *Diktic, Inc. v. Somerset Refinery, Inc.,* No.2002–CA–000301–MR, 2003 WL 21673962 (Ky.Ct. App. July 18, 2003).

In May 2002, Petty, individually, filed an action in the District Court for damages claiming breach of contract and unjust enrichment. The District Court granted Lynch and Somerset's Motion for Summary Judgment holding that the case was barred by the Kentucky doctrine of *res judicata.*

II. Both Appellant and Appellee agree that Kentucky law applies and that the law is well established. *Yeoman v. Commonwealth, Health Policy Bd.,* 983 S.W.2d 459 (1998), *Newman v. Newman,* 451 S.W.2d 417 (1970). In Kentucky, three elements must be met for *res judicata.* They are identity of the parties, identity of the causes of action, and resolution of the prior action on the merits. All three criteria must be present for a claim to be precluded. *Rivas v. Doering,* 2002 WL 1313127 (W.D.Ky.).

We find that the District Court erred in granting summary judgment as the action was never resolved on the merits. Kentucky law holds that the doctrine of *res judicata* does not apply to decisions on procedural grounds, or on grounds that the plaintiff lacked standing, or that the plaintiff's cause of action had not accrued. See *Ervin v. Medtronic, Inc.,* 22 Fed. Appx. 462 (6th Cir.2001). The state court action was not a judgment on the merits. Rather, the basis for resolution was Diktic's lack of capacity to sue. Therefore,

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisi-

ana, sitting by designation.

the third requirement for claim preclusion was not met.

**III.** Accordingly, the prior Kentucky state court judgment was not *res judicata* as to Petty's action, and the matter is REVERSED and REMANDED to the District Court for further proceedings consistent with these findings.