Pamela BARTLEY, Appellant,

v.

Judith P. CULBERTSON, Appellee.

Carla Jean Haas and Bradley David Bartley, Appellants,

v.

Judith P. Culbertson; Pamela Bartley; and the Estate of Carl Bartley, Deceased, Angela Patrick, Administrator, Appellees.

Nos. 2010–CA–001937–MR, 2010–CA–002124–MR.

Court of Appeals of Kentucky.

April 20, 2012.

Grover A. Carrington, Farrah W. Ingram, Mount Sterling, KY, for appellant, Pamela Bartley.

Benjamin T. Shipp, Lexington, KY, for appellee, Judith Culbertson.

Mark L. Moseley, Lexington, KY, for appellants, Carla Jean Haas And Bradley David Bartley.

No brief filed for appellee the Estate of Carl Bartley, Deceased, Angela Patrick, Administrator.

Before TAYLOR, Chief Judge; COMBS and NICKELL, Judges.

## OPINION

COMBS, Judge:

These consolidated appeals arise from the entry of summary judgment in favor of Judith Culbertson in her declaratory judgment action. She sought a determination by the Montgomery Circuit Court that she is the biological child of Carl Bartley, deceased, and that she is, therefore, an heir at law to his Estate through intestacy. We affirm.

Culbertson was born on July 9, 1968, to a single, unwed mother. On October 12, 1992, Culbertson filed an action against Carl and his wife, Pamela Bartley, in Montgomery Circuit Court, alleging that she was Carl's biological daughter and that she was owed damages for a variety of torts resulting from allegations that Carl and Pamela had publicly denied that she was Carl's child. Carl and Pamela filed a motion to dismiss the action. Culbertson subsequently sought to amend her complaint to include a new count, alleging that she was "in doubt as to her rights under the Kentucky Revised Statutes in relation to inheritance from her natural father" and seeking an order compelling Carl to submit to genetic testing for the purpose of determining paternity.

The trial court denied her motion to amend the complaint and dismissed the action with prejudice for failing to state a claim upon which relief could be granted. Culbertson timely appealed to this Court, and we affirmed the trial court in *Henderson v. Bartley*, 1993–CA–001006–S (rendered May 27, 1994, unpublished). Culbertson did not request discretionary review from the Kentucky Supreme Court, and the opinion from the Court of Appeals became final on June 20, 1994.

Eight days after the trial court dismissed her initial suit, Culbertson initiated a second suit in Montgomery Circuit Court. Her complaint was similar to the amended complaint that she had tendered in the first action, again alleging that Carl was her father and requesting genetic testing in order to conclusively determine paternity. The trial court dismissed the second action, ruling: (1) that the tort claims were precluded pursuant to the doctrine of *res judicata* due to the dismissal of the prior action, and (2) that the remaining count appeared to be akin to a paternity action over which the district court has exclusive jurisdiction. Culbertson appealed the dismissal to this Court.

The trial court's dismissal of the second action was affirmed by this Court under the doctrine of *res judicata*. No determination was made as to the propriety of the trial court's ruling that it lacked jurisdiction to entertain the paternity portion of Culbertson's claim. Since no motion for discretionary review was filed, that opinion

became final on August 8, 1995. *Henderson v. Bartley*, 1994–CA–000847–MR (rendered July 14, 1995, unpublished).

Carl Bartley died on July 31, 2007, and Pamela was subsequently indicted and convicted of manslaughter in connection with his death. On August 1, 2007, Culbertson filed a lawsuit in the Montgomery Circuit Court, naming Carl's estate as the sole defendant and seeking a declaratory judgment that she is the biological daughter of Carl. She requested and obtained an *ex parte* order that: (1) permitted collecting DNA samples from Carl's body, and (2) allowed Culbertson to conduct genetic testing utilizing those samples in an effort to determine the paternity issue. The DNA results revealed the probability of paternity to be 99.9999% that Carl was Culbertson's biological father. No further discovery was undertaken.[1]

In April 2010, Culbertson moved for entry of summary judgment based solely on the results of the DNA parentage testing. The court granted Pamela's motion to intervene, and she filed a response in opposition to Culbertson's motion, which was accompanied by her own cross-motion for summary judgment. Based on the trial court's decisions in Culbertson's prior two cases, Pamela contended that Culbertson was precluded from relitigating the paternity issue by virtue of the doctrine of *res judicata*. She also argued that entry of summary judgment in favor of Culbertson would be premature because no discovery had taken place and, thus, that the court had no record upon which to base its ruling.

Carla Jean Haas and Bradley David Bartley, Carl's acknowledged biological children and alternate legatees and devisees under his will, also moved to intervene. The trial court granted their motion, and they filed a response opposing Culbertson's motion for summary judgment based on grounds of *res judicata.*

On August 19, 2010, the trial court granted summary judgment in favor of Culbertson and denied Pamela's cross-motion. In its order, the trial court recapitulated both the content and the procedural history of Culbertson's earlier failed actions, stating:

Ms. Culbertson claimed Defamation of Character and Intentional Infliction of Emotional Distress among several theories that collaterally included Mr. Bartley's paternity of Ms. Culbertson. The Court at that time summarily dismissed the cases as not adequately stating a legal cause of action and the dismissals were subsequently upheld on appeal. The case at hand does not include those issues. This case is whether Judith Culbertson is an heir at law of Carl Bartley due to proof from DNA testing that she is in fact his blood daughter. The previous cases did not and could not have at the time determined the right to inherit through intestacy and that determination was not relevant to the outcome at that time and thus Res Judicata does not apply. This Court has jurisdiction to determine paternity in this matter where there is a disputed Estate matter.

Based on this analysis, the trial court ruled that Culbertson is the natural daughter of Carl Bartley.

Pamela's subsequent motion to alter, amend or vacate was denied, and she timely appealed to this Court. Carla and Bradley separately appealed from the trial court's adverse orders. For the sake of

---

1. In their briefs, the parties intimate that this action was not actively prosecuted due to Pamela's pending criminal charges and subsequent appeal in relation to Carl's death. However, no motions or orders to that effect appear in the record on appeal.

judicial economy, we have consolidated the two appeals.

■ Pamela, Carla, and Bradley contend that the trial court erred in granting summary judgment and in failing to find that Culbertson's paternity claim was barred by *res judicata.* After our review, we disagree and affirm the trial court.

■ The doctrine of *res judicata* provides that:

> [A]n existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*Yeoman v. Commonwealth, Health Policy Board,* 983 S.W.2d 459, 464 (Ky.1998) (quoting 46 Am.Jur.2d § 514).

■ *Res judicata* consists of two distinct subparts, claim preclusion and issue preclusion. In order for claim preclusion to apply to bar an action, the issues must be *identical* rather than merely similar. *Id.* at 465. (Emphasis added.) The context in which the parties now litigate this arguably similar issue utterly undermines the allegedly binding precedent of the two previous actions. Intestacy indeed is a significant new issue never before considered by a court, removing this case from the parameters of *res judicata.*

■■ Additionally, the issue of paternity was bandied about but was *never* ultimately *adjudicated.* The fact of a final adjudication is essential in order for a party to be able to invoke issue preclusion: "even if an issue was actually litigated in a prior action, issue preclusion *will not bar* subsequent litigation *unless* the issue was actually *decided* in that action." *Id.* (Emphases added.)

■ As noted in *Newman v. Newman,* 451 S.W.2d 417 (Ky.1970), an issue must have ripened into a justiciable cause of action for purposes of previous litigation if *res judicata* is to be implicated in subsequent litigation. Paternity in the context of intestacy had never ripened into a justiciable cause of action in the previous litigation—thus barring reliance on *res judicata.* Although the issue in *Newman* involved a claim of adverse possession rather than legitimacy, the reasoning is compelling for the case before us:

> This brings us to the specific question should appellant Richard Newman have presented his claim of title by adverse possession in the previous proceeding between the parties? We are not persuaded that he was bound to do so. *The question presented in that case and ultimately decided certainly is not dispositive of the issue presented in this action.* The claim of adverse possession *had not ripened when that action was commenced* or when the amended complaint was filed.

*Id.* at 419. (Emphases added.)

Finally, Carla, Bradley, and the Estate have *never* been parties to any litigation. Thus, identity both of parties and of issues (essential components of *res judicata* ) is absent. Reliance on issue preclusion and claim preclusion is wholly misplaced despite the superficial similarity of the facts involved.

We affirm the judgment of the Montgomery Circuit Court.

TAYLOR, Chief Judge, concurs.

NICKELL, Judge, dissents and files separate opinion.

NICKELL, Judge, dissenting:

Respectfully, I dissent. I disagree with the majority's belief that the issue of pa-

ternity was never adjudicated in Culbertson's two previous bites at the apple. This holding is founded on the mistaken belief that the paternity issue raised in the case at bar had not "ripened" into a justiciable cause of action when the earlier filings were dismissed because Carl was still living at that time. I believe the majority's position is untenable and would reverse the trial court.

Although Culbertson couched her argument in the instant matter in terms of paternity for purposes of intestate succession, her factual claims were identical to those raised in her two earlier, unsuccessful actions—that Carl was her biological father. Through its careful choice of words and hypertechnical analysis, the majority has invalidated nearly twenty years of litigation, including two previous Opinions of this Court. As the majority notes, claim preclusion requires three elements. I believe all are present here.

First, there is an identity of cause of action. Paternity was clearly raised in Culbertson's prior actions and was foundational to all of the claims raised in each of her three civil actions. In each, without a finding of paternity, Culbertson could not prevail.

Next, both of Culbertson's previous actions were dismissed for failure to state claims upon which relief could be granted.

Pursuant to Kentucky Rules of Civil Procedure (CR) 12.02 and 41.02(3), such a dismissal operates as a dismissal *on the merits* for which the doctrine of *res judicata* attaches.

Finally, there is an identity of the parties. The majority asserts the Estate, Carla, and Bradley were never parties to the previous litigation, thus precluding a finding of identity of the parties and ultimately a finding of *res judicata.* However, although not specifically named in the 1993 or 1994 actions, these three parties stand in Carl's shoes as his heirs, legatees, devisees, and beneficiaries at law and are his "privies." *Yeoman,* 983 S.W.2d at 464. If followed to its logical conclusion, the majority's view would preclude a finding of *res judicata* on any matter previously decided if a party died and his estate or heirs were named in a later suit in his stead. I cannot countenance such a view.

For these reasons, I would reverse the trial court and remand for entry of an order dismissing the action on grounds of *res judicata.*