RENDERED: MARCH 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1487-MR

COMMONWEALTH OF KENTUCKY,
TRANSPORTATION CABINET,
DEPARTMENT OF HIGHWAYS          APPELLANT

           APPEAL FROM FLOYD CIRCUIT COURT
v.         HONORABLE JOHNNY RAY HARRIS, JUDGE
           ACTION NO. 19-CI-00324

ROMEO DELROSARIO          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: JONES, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: The Commonwealth of Kentucky, Transportation Cabinet,

Department of Highways ("the Cabinet") appeals from the Floyd Circuit Court's

order[1] directing the Kentucky Claims Commission, now the Board of Claims, ("KCC") to award damages to Romeo Delrosario for injuries sustained in a rockslide. Because the circuit court's order was fully in accordance with its prior order, which was never appealed and had become final, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Delrosario filed a claim against the Cabinet for damages he sustained after he hit a rockslide on Route 321, north of Prestonsburg. The accident occurred at approximately 5:00 a.m. on November 19, 2015, as he drove to work. The rocks had fallen from the vertical cut face of a mountain situated immediately adjacent to the road and they covered both lanes of travel. Although he swerved to avoid some large rocks in the right lane, he hit a smaller rock in the left lane. Delrosario was injured and his vehicle was damaged. Delrosario's claim alleged the Cabinet had been negligent in creating an improperly steep rock cut with no benching or

---

[1] The final order directing the KCC to award damages to Delrosario was entered on August 18, 2021. The Cabinet's notice of appeal, however, designates the circuit court's order of October 21, 2021, denying the Cabinet's subsequent Kentucky Rules of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate the August 18, 2021 order, as the order from which the appeal is taken. "Orders granting or denying motions brought pursuant to CR 59.05 are non-final and non-appealable[.]" *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 n.5 (Ky. App. 2011) (quoting *Mingey v. Cline Leasing Service, Inc.*, 707 S.W.2d 794, 796 (Ky. App. 1986)). In such a situation, "this Court applies a substantial compliance analysis, *see Lassiter v. American Exp. Travel Related Services Co., Inc.*, 308 S.W.3d 714, 718 (Ky. 2010), and, under circumstances void of prejudice, considers the appeal properly taken from the final judgment that was the subject of the CR 59.05 motion." *Id.* Because the designation of the later order in the notice has not led to any identifiable prejudice, we have determined that the Cabinet's appeal was properly taken from the underlying order of August 18, 2021.

appropriate barriers. The only safety measures in place appeared to be unlit warning signs along the route.

Following a hearing, the hearing officer issued findings of fact, conclusions of law, and recommended order denying Delrosario's claim. The officer found that the Cabinet had not breached its duty of care, basing this determination on evidence that the Cabinet had posted signs along Route 321 warning of potential rock falls, with one such sign located approximately half a mile from the accident site; that the rock cut in question was adequately constructed based on the standards in place when it was originally created in the 1930s or 1940s; and that the Cabinet had no actual notice of the rockslide. The hearing officer acknowledged testimony that was offered regarding possible preventative measures such as netting, fencing, and benching, and the need for additional funding and legislation, but characterized the evidence as unnecessary because it related to the Cabinet's discretionary functions. Kentucky Revised Statutes ("KRS") 49.070(5) permits recovery from the Commonwealth before the KCC only for the negligent performance of ministerial acts.

After finding no liability on the part of the Cabinet, the hearing officer addressed the issue of damages. Damages awarded in cases brought before the KCC are capped by statute at $250,000. *See* KRS 49.040(1) ("[A] single claim for the recovery of money or a single award of money shall not exceed two hundred

fifty thousand dollars ($250,000), exclusive of interest and costs.").  The hearing officer reviewed the evidence presented by Delrosario's witnesses, Dr. Ryan Maynard, and Ernest Campbell.  Dr. Maynard, a chiropractor, examined Delrosario in May 2016 and February 2017 for purposes of preparing his claim.  As of March 2, 2017, however, Dr. Maynard had provided no treatment or treatment recommendations.  Ernest Campbell, a tax preparer, offered evidence of Delrosario's lost wages attributable to the accident, based on a gross annual income of $104,000.  The hearing officer pointed out several flaws in Campbell's calculations, including a mistaken assumption that Delrosario was sixty-seven at the time of the hearing in the spring of 2017 when he was actually sixty-nine, and his inclusion of the year prior to the accident in his calculation of lost wages.

Notwithstanding these shortcomings in the evidence, the hearing officer made the following finding regarding Delrosario's damages:  "[B]ased upon what is in the record, there is a finding that the damages exceed the statutory maximum of $250,000.  However – as stated earlier – there is no finding of liability against the Respondent [Cabinet]."

The KCC overruled Delrosario's exceptions and entered the recommended order as its final order.

Delrosario filed an appeal from the decision in Floyd Circuit Court on May 22, 2019.  Upon review, the circuit court determined, based on the evidence,

-4-

that the Cabinet had constructive notice of a propensity to rock falls in the area of the accident, that it had a duty to protect the public, and that the sufficiency of the warnings it had provided was in dispute. The circuit court also expressed concern about the finding that an unnecessary amount of time had been spent discussing "discretionary functions" such as netting, fencing, benching, funding, and legislation.

The circuit court remanded the case for a more specific finding concerning the sufficiency of the warnings given by the Cabinet and the possible remedial measures not addressed in the hearing. The court affirmed the finding of the hearing officer regarding the testimony of Dr. Maynard and Mr. Campbell and directed that the only matter that would need to be addressed by the hearing officer on remand would be a claim for past medical expenses and property damage.

On remand, the hearing officer conducted a second hearing and issued a second recommended findings of fact, conclusions of law, and order, in which he incorporated the original findings of fact and conclusions of law and made additional findings to the effect that there were sufficient warning signs in the vicinity of the rockslide and that any remedial measures addressing potential rock falls were discretionary rather than ministerial. He expressed concern that any discretionary act of funding for purposes of benching or other remedial measures would be "an expensive task that would pose a fiscal burden and is further

-5-

complicated by geography." Significantly, for purposes of this appeal, the order adopted the previous analysis on damages "as if set forth verbatim." It recommended, based on the findings of fact and conclusions of law, that Delrosario's claim for damages be denied. The KCC denied Delrosario's exceptions and adopted the recommended order as the final order on April 18, 2019.

Delrosario appealed for a second time to the circuit court, which entered an order on January 29, 2020, rejecting the final order of the KCC and ruling that the Cabinet did not have sovereign immunity in the matter. It held that the placement of warning signs in the area of the accident was not adequate and did not meet the Cabinet's duty of care. It further held that the Cabinet was on actual notice of the high likelihood of rock falls occurring in the exact area where Delrosario was injured and had taken no remedial measures, such as placing appropriate lights or warnings, to correct the grave situation.

The circuit court noted that in its earlier order, remanding in part and affirming in part, it ordered and adjudged that Delrosario's damages exceeded the statutory maximum. The circuit court stated that because the Cabinet had not taken issue with or appealed from that decision, it had become final. The order awarded Delrosario judgment against the Cabinet and remanded the matter for the hearing officer to determine the amount of damages, which in the circuit court's

view appeared to be the statutory maximum, based upon the initial findings of the hearing officer.

Delrosario and the Cabinet both filed motions to alter, amend, or vacate. The circuit court denied the motions and entered a final order on July 29, 2020, which it designated as a final and appealable order with no just delay for its entry.

Both sides filed motions for discretionary review before this Court, which denied review for the following reasons:

> Kentucky Revised Statutes (KRS) 49.150 allows for an appeal from the Kentucky Claims Commission ("KCC"), also known as the Board of Claims, to the circuit court of the county where the hearing was held. In this case, the Movant appealed the KCC's decision to the Floyd Circuit Court. That is considered a statutory appeal.
>
> The Kentucky Constitution guarantees an appeal from one court to the next level court, and a statutory appeal from an administrative agency, like the KCC, does not count as a matter of right appeal. *See Vessels by Vessels v. Brown-Forman Distillers Corp.*, 793 S.W.2d 795, 798 (Ky. 1990) (citing Ky. Const. Section 115). Furthermore, KRS 49.160 expressly provides:
>
>> Appeals may be taken to the Court of Appeals under the same conditions and under the same practice as appeals are taken from judgments in civil causes rendered by the Circuit Court, but no motion for a new trial or bill of exceptions shall be necessary.

Therefore, Movant should have filed a notice of appeal, not a motion for discretionary review.

Following entry of this Court's order, Delrosario sought summary judgment against the Cabinet in the amount of $250,000, the statutory maximum under KRS 49.040, and costs and attorney's fees. Delrosario contended that the circuit court's order holding that the Cabinet had failed to meet its duty of care and its award of the statutory maximum of damages based on the finding of the hearing officer had never been appealed and was consequently now final. The Cabinet responded that the circuit court would be exceeding its authority in rendering such a decision because a hearing on damages before the KCC was mandatory.

The circuit court entered an order on August 18, 2021, ruling that it was not statutorily empowered to make an award of damages when the KCC had refused to make one. It further determined, however, that it could direct the KCC to enter an award commensurate with the unchallenged finding of the hearing officer that the damages were in excess of the statutory limit of $250,000. This appeal by the Cabinet followed.

**STANDARD OF REVIEW**

In reviewing a grant of summary judgment, we are required to determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as

a matter of law. . . . Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lindsey v. Board of Trustees of University of Kentucky*, 552 S.W.3d 77, 87-88 (Ky. App. 2018) (internal quotation marks and citations omitted).

## ANALYSIS

The Cabinet argues that the circuit court acted in excess of its statutory authority under KRS 49.150 in reviewing the Board of Claims' final orders in this matter. The statute provides in relevant part as follows:

> On appeal no new evidence may be introduced, except as to fraud or misconduct of some person engaged in the hearing before the board. The court sitting without a jury shall hear the cause upon the record before it, and dispose of the appeal in a summary manner, being limited to determining: Whether or not the board acted without or in excess of its powers; the award was procured by fraud; the award is not in conformity to the provisions of KRS 49.040 to 49.180; and whether the findings of fact support the award. The court shall enter its findings on the order book as a judgment of the court, and such judgment shall have the same effect and be enforceable as any other judgment of the court in civil causes.

The Cabinet argues that the circuit court's order exceeded the powers given to it by the statute in numerous respects and that it was unauthorized to direct an award of damages based on the hearing officer's finding.

The circuit court's order of January 29, 2020, held that the Cabinet had been negligent and awarded judgment to Delrosario. The order remanded the matter solely for the hearing officer to determine the amount of damages, which, based on the earlier, unchallenged finding of the hearing officer, exceeded the statutory minimum of $250,000.

This order was never challenged on direct appeal and consequently the issues resolved in that order have become *res judicata*. "[T]he doctrine of *res judicata* (also known as the doctrine of the finality of judgments) is basic to our legal system and stands for the principle that once the rights of the parties have been finally determined, litigation should end. Thus, where there is an identity of parties and an identity of causes of action, the doctrine precludes further litigation of issues that were decided on the merits in a final judgment." *Whittaker v. Cecil*, 69 S.W.3d 69, 71-72 (Ky. 2002) (citations omitted).

Thus, the Cabinet's arguments that the circuit court exceeded its authority under KRS 49.150(5) are precluded from our review because they could have been raised on direct appeal from the earlier order. The Cabinet is in effect seeking to bypass the finality of a judgment from which it failed to appeal and to obtain appellate review of that decision. This approach is not permitted, because "[a]n existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts

or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Bartley v. Culbertson*, 365 S.W.3d 593, 596 (Ky. App. 2012) (citations omitted).

Under the summary judgment standard, the circuit court correctly found that in light of its earlier order there were no remaining genuine issues as to any material fact and Delrosario was entitled to judgment as a matter of law. The hearing officer's finding that his damages exceeded the statutory maximum was adopted in full by the KCC twice and never challenged by the Cabinet on direct appeal. "Kentucky has for many years followed the rule that the decisions of administrative agencies acting in a judicial capacity are entitled to the same *res judicata* effect as judgments of a court." *Godbey v. University Hospital of Albert B. Chandler Medical Center, Inc.*, 975 S.W.2d 104, 105 (Ky. App. 1998) (citations omitted). "An administrative board acts in a judicial capacity when it hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and the parties are given an opportunity to seek court review of any adverse findings." *Waldridge v. Homeservices of Kentucky, Inc.*, 384 S.W.3d 165, 170 (Ky. App. 2011) (quoting *Nelson v. Jefferson County, Kentucky*, 863 F.2d 18, 19 (6th Cir. 1988)). There is no question that the KCC acted in a judicial capacity in this matter. Its adoption in full of the hearing officer's finding regarding

Delrosario's damages is entitled the same *res judicata* effect as a judgment of the court.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the circuit court's order directing the KCC to enter an award of damages in accordance with its earlier order is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:  BRIEF FOR APPELLEE:

Stacey D. Conley      Jerry A. Patton
Pikeville, Kentucky     Prestonsburg, Kentucky